## UNITED STATES ex rel. JACKSON v. MEYERING.

### No. 4685.

Circuit Court of Appeals, Seventh Circuit.
Dec. 2, 1931.

Rehearing Denied Dec. 31, 1931.

Richard E. Westbrooks, of Chicago, Ill., for appellant.

Euclid Taylor, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from an order of the District Court discharging a writ of habeas corpus which had been granted to take appellant from the custody of the sheriff of Cook county, Ill., who was holding him under a fugitive warrant of the Governor of Illinois, to return him to the state of Mississippi to answer to a charge of murder there pending against him.

The sheriff's return sets up the Governor's warrant as the authority for holding appellant. The warrant recited that it was predicated upon a demand of the Governor of Mississippi, which recited an affidavit charging appellant with the murder of Mattie Jackson in the state of Mississippi October 5, 1931.

Appellant's petition for habeas corpus and his traversing affidavit to the return of the sheriff alleged that he had lived continuously in the state of Illinois for more than five years last past, during which time he had not left the state of Illinois; that he was not

622

in the state of Mississippi during that time; and "that he is not guilty of the commission of any crime in the State of Mississippi October 5, 1931, nor on or about said date."

There was evidence adduced at the hearing—and it was conceded that more witnesses would testify to the same effect—that appellant was not without the state of Illinois at the time alleged in the warrant as that of the murder, and had not been for five years before; also, by a sister of deceased, that the murder was committed on the second Saturday of August, 1922, and that appellant committed it and told her he was going to do it. As to this there was no contradiction at the hearing, and we are sufficiently satisfied that the evidence identifies the crime on the earlier date as the one with which appellant is charged, and the one which was meant to be stated in the warrant.

Assuming that the crime to which these proceedings actually refer is the one detailed by the witness, it is evident that the insertion of the later date into the Governor's warrant was through error. The question then is: Can appellant under this warrant be removed for a crime actually committed about ten years before the date recited? In removal proceedings the questions are: Has an extraditable offense been committed, and is the person so charged a fugitive from the demanding state? It may be said generally that if a crime was committed within a state, and the person charged with its commission is thereafter without the state of its commission, he is a fugitive from justice, and, as such, subject to be returned. Biddinger v. Commissioner, 245 U. S. 128, 38 S. Ct. 41, 43, 62 L. Ed. 193.

In the removal of fugitives, that strict accuracy of statement and proceedings is not required as is in case of indictments. Munsey v. Clough, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515. As between the states, there is no invasion of the fugitive's rights to remove him to another state to be there tried for an alleged offense for which he might have been required to undergo trial had he never left it. The constitutional provision for extradition between the states (Const. art. 4, § 2, cl. 2) and the statutes thereon (18 USCA § 662) "have not been construed narrowly and technically by the courts as if they were penal laws, but liberally to effect their important purpose." Biddinger v. Commissioner, supra.

The law is well settled that, even upon an indictment, a crime alleged to have been committed on a given date may be shown to have been committed on any other date within the period of limitations. Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; Gerson v. United States, 25 F.(2d) 49 (C. C. A. 8).

In Mississippi, there is no statute of limitation upon the crime of murder, and the remoteness in the time of its commission has no bearing on the right to prosecute. Had the crime been stated in the warrant to have been on the earlier date, no such question would arise.

Appellant's traverse was a complete answer to the sheriff's return setting up the warrant, and when it was sustained by the evidence appellant would have been entitled to discharge had it not been made to appear that the crime was actually committed on a date before the five-year period of his absence from the demanding state. Another crime was not thereby charged, as is insisted for appellant, but it is the same crime as charged, committed on an earlier date. If appellant's position were correct—that the showing of a date different from the one charged showed a different crime—it would apply to a difference of days as well as years. Both sides rely upon Hyatt v. New York ex rel. Corkran, 188 U. S. 691, 23 S. Ct. 456, 459, 47 L. Ed. 657. Although the facts in that case of removal are quite unlike those at bar, this expression in the opinion is decidedly applicable here:

"The indictments in this case named certain dates as the times when the crimes were committed, and where in a proceeding like this [extradition] there is no proof or offer of proof to show that the crimes were in truth committed on some other day than those named in the indictments, and that the dates therein named were erroneously stated, it is sufficient for the party charged to show that he was not in the state at the times named in the indictments, and when those facts are proved so that there is no dispute in regard to them, and there is no claim of any error in the dates named in the indictments, the facts so proved are sufficient to show that the person was not in the state when the crimes were, if ever, committed."

Here there is not only "claim of error in the dates named" in the warrant, but positive and undisputed evidence of the error. Counsel's lament over the great hardship to appellant through being required, without opportunity for preparation, to meet the change of date which the evidence at the hearing first brought into the proceeding is wholly without basis in the absence of anything in the record

to indicate surprise at the disclosure, or the slightest effort to secure reasonable time in which to meet it. It is scarcely conceivable that any court if asked would, under such circumstances, have denied him the opportunity.

We are abundantly satisfied that the record justifies the discharge of the writ.

The wasted time, effort, and expense devoted to these court proceedings is regrettable when it is considered that with slight exertion another warrant, free from such blunder, could doubtless have been quickly obtained.

The order of the District Court is affirmed.