(No. 24948.—
THE PEOPLE *ex rel.* Richard F. Poncher, Plaintiff in Error,
*vs.* JOHN TOMAN, Sheriff, Defendant in Error.

*Opinion filed April 14, 1939.*

JULIUS REZNIK, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY,
State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON,
JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L.
VARNES, of counsel,) for defendant in error.

Per CURIAM: Plaintiff in error seeks review of the
judgment of the criminal court of Cook county remanding
him to the custody of an officer on hearing of *habeas corpus*
proceedings instituted by plaintiff in error to secure his

release from arrest on a rendition warrant of the Governor of this State issued on the requisition of the Governor of the State of Michigan.

Defendant in error's return to the writ of *habeas corpus* showed the issuance of the rendition warrant, together with the Governor's certificate of the demand of the Governor of Michigan upon the Governor of this State calling upon him to arrest and deliver plaintiff in error to the Michigan authorities for trial in that State upon a charge of conspiracy. Testimony was heard on the question whether plaintiff in error was in Galesburg, Michigan, the place where the crime was alleged to have been committed, on or about the date of the crime. A witness for the People testified, in rebuttal of plaintiff in error's testimony, that he had been in Galesburg, Michigan, on the date laid in the warrant, and had seen plaintiff in error in that city on that day.

The assignments of error are: (1) That the crime of conspiracy attributed to plaintiff in error is a crime which cannot be committed by one person, alone, and hence no crime was charged, and (2) that as the rendition warrant is based only upon a certificate of the Governor of Michigan that a complaint and warrant had been issued against Poncher, it does not meet the requirement of the act of Congress that such rendition shall be founded upon a copy of "an indictment found or affidavit made before a magistrate."

Plaintiff in error insists, as to the first assignment of error, that since he, alone, is charged with the crime of conspiracy, he is charged with no crime at all, since conspiracy is an offense impossible of commission by one person. Such point is a matter of defense. The question before this court does not deal with defenses. Matters of defense are to be raised before the trial court. The question, here, is whether plaintiff in error was substantially charged with crime in the State of Michigan. The certificate of the Governor of that State is that he is so charged.

In support of his contention as to the sufficiency of the warrant, plaintiff in error insists that as there are no supporting documents accompanying the rendition warrant touching the recitals in the warrant he is entitled to be discharged. The rendition warrant of the Governor of this State recites that the Governor of the State of Michigan demands of him the arrest and delivery of Richard Poncher, alias Fred Poncher, as a fugitive from justice, "and has produced and laid before me a copy of a complaint and warrant certified as authentic by said Governor, and duly authenticated, and charging the said Richard Poncher, alias Fred Poncher," etc.

Plaintiff in error says that under the ruling of this court in *Lacondra* v. *Hermann,* 343 Ill. 608, he is entitled to his release on *habeas corpus.* In that case, as here, the rendition warrant did not show or state that the Governor of this State had before him, at the time he issued the warrant, an authenticated copy of an indictment or affidavit made before a magistrate of the State of Michigan, charging Lacondra with crime, and the warrant, of itself was in this respect insufficient, for the reason that it must appear to the Governor, in order to give him authority to issue a warrant, that the fugitive is charged with crime in the demanding State by an indictment or affidavit made before a magistrate. However, in that case the return of the sheriff was supported by other documents, included therein, aside from the Governor's rendition warrant. One of those documents took the form of an affidavit subscribed and sworn to before a judge of the recorder's court of the city of Detroit, certified as a magistrate of Wayne county, Michigan. It was, therefore, held that the Governor's warrant of this State, and the documents accompanying the return, together considered, were sufficient to show the rendition warrant of the Governor of this State to be legal.

In *People* v. *Meyering,* 349 Ill. 198, this court discussed the *Lacondra case* and distinguished it from the case then

being considered. In the *Meyering case* the recital in the rendition warrant was that the Governor of New York had laid before the Governor of this State a warrant and indictment certified as authentic by the Governor, charging one Mary Stevens with having committed the crime of grand larceny, which the Governor certifies to be a crime under the laws of that State. This court there held that when the rendition warrant shows on its face that the demanding State has presented papers in compliance with the Federal statute and certified as sufficient under the law of that State to charge the person sought with the commission of a crime under the laws of that State, it makes out a *prima facie* case, and, in the absence of evidence in refutation, the warrant is sufficient, and it is not error to remand the accused to the custody of the officer.

But, plaintiff in error says, in this case the rendition warrant was issued solely upon a "complaint and warrant," without any documents showing that such complaint was an affidavit before a magistrate, or that, in fact, the requisition was based upon an affidavit before one shown by the documents filed with the Governor's warrant to be a magistrate, and since the return made by the respondent does not show justification for the warrant of the Governor of this State, in that it does not show that the requisition of the Governor of Michigan was issued upon an indictment or affidavit made before a magistrate as is required, therefore the detention of plaintiff in error is illegal. Interstate extradition is based upon the provisions of section 2 of article 4 of the constitution of the United States providing that "A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime." Pursuant to this provision the Congress passed an act (10 U. S. Comp. Stat. 1916, sec. 10126; U. S. Rev. Stat.

sec. 5278) providing that whenever "the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or Chief Magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." The rendition warrant in the case before us is based upon the authority of this section of the Federal statute, and the question, here, is whether "a complaint and warrant," which, as appears from the Governor's certificate, is made a part of the rendition warrant, complies with the language "an indictment found or an affidavit made before a magistrate." Unless this question may be answered in the affirmative, or the return of respondent shows by accompanying documents that the complaint upon which the warrant was issued was "an affidavit made before a magistrate," the Governor had no authority to issue a warrant for the arrest of plaintiff in error. *Lacondra* v. *Hermann, supra; Roberts* v. *Reilly,* 116 U. S. 80, 29 L. ed. 544.

As held in the *Lacondra case,* it is necessary that the return of the sheriff show, either by the warrant of the Governor of the State, or by documents accompanying it, that the requisition of the Governor of the demanding State is based on either a copy of an indictment or of an affidavit made before a magistrate, certified as authentic by the Governor of the demanding State. Courts of this State cannot

280

presume that the complaint here certified was an affidavit before a magistrate, or that the one before whom such complaint was made was a magistrate under the laws of the State of Michigan. No such showing appears in this record, and on such condition of the record it was error to remand plaintiff in error to the custody of the sheriff.

The judgment of the criminal court is reversed.

*Judgment reversed.*