(No. 25470.—

THE PEOPLE *ex rel.* Lewis E. Downer, Plaintiff in Error, *vs.* THOMAS J. O'BRIEN, Sheriff, *et al.* Defendants in Error.

*Opinion filed February 21, 1940—Rehearing denied April 10, 1940.*

George M. Crane, and Grenville Beardsley, for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, Blair L. Varnes, James V. Cunningham, and Walter L. McCoy, of counsel,) for defendants in error.

Mr. Justice Shaw delivered the opinion of the court:

Lewis E. Downer, the relator, was arrested by the sheriff of Cook county under a warrant issued by the Governor of Illinois on the requisition of the Governor of the State of Michigan. A petition for a writ of *habeas corpus* was filed, the writ was issued and, after a hearing, Downer was remanded for delivery to the agent of the State of Michigan. From that judgment he prosecutes this writ of error.

Attached to the return of the sheriff of Cook county are copies of the extradition papers. They include: (1) An application to the Governor of Michigan for requisition . upon the Governor of the State of Illinois for the rendition

of Downer, made by the prosecuting attorney of Calhoun county, Michigan; (2) a complaint subscribed and sworn to by Hugh Gordon before a justice of the peace of Calhoun county, Michigan, setting forth that Downer maliciously threatened to accuse one George Price of the crime of immorality with intent to extort from Price the sum of $7000; (3) a warrant issued by the justice of the peace for the arrest of Downer for the crime charged in the complaint; (4) affidavit of George Price, subscribed and sworn to before a notary public, that Downer maliciously threatened to accuse him of immorality and did, in fact, extort from him the sum of $6900; (5) warrant for the arrest of Downer issued by the Governor of this State.

The petition for *habeas corpus* avers that the requisition and other papers upon which the warrant of the Governor of Illinois was issued are not in regular and legal form; that Downer is not charged with a crime against any law of the demanding State; that he was not present in the demanding State at or about the time of the offense charged, and that the warrant of the Governor of Illinois is defective and insufficient.

In support of the charge of the irregularity of the papers upon which the warrant was issued, plaintiff in error contends that the complaint is not positively verified but is made on mere information and belief and, therefore, is insufficient to authorize interstate extradition. This contention is without merit. The technical sufficiency of an indictment or information is not subject to consideration in a *habeas corpus* proceeding. (*Munsey* v. *Clough,* 196 U. S. 364; *People* v. *Smith,* 352 Ill. 496; *People* v. *Nash,* 366 id. 186.) The rendition warrant specifically sets forth that "The Governor of the State of Michigan demands of me the arrest and delivery of Lewis Downer as a fugitive from justice, and has produced and laid before me a copy of a complaint and warrant, certified as authentic by the said Governor and duly authenticated, and charging the said

Lewis Downer with having committed on the 10th day of October, A.D., 1938, in the county of Calhoun, in the said State of Michigan, the crime of attempt to extort money, which the said Governor certifies to be a crime under the laws of said State," etc.

In further challenge of the validity of the extradition papers, plaintiff in error maintains that the complaint and other papers accompanying it do not purport to be certified by the Governor of Michigan to be authentic, and that such absence of certification is fatal. As above noted, the Governor of Michigan certified to the authenticity of the complaint and warrant and the Governor of Illinois declared himself satisfied with the sufficiency of the requisition. This same situation was presented to us in *Lacondra v. Hermann,* 343 Ill. 608, and we there held that the warrant of the Governor of this State, and the papers attached to the return, when considered together, were sufficient.

Plaintiff in error introduced his own testimony and that of two other men to substantiate his contention that he was not in the demanding State on the date of the supposed offense. However, much of this evidence was inconclusive, leaving the possibility of his having been in Michigan at or about the time in question, and evidence was produced by the demanding State tending to show that relator was actually there, as charged, when the alleged crime was committed. Where the evidence is conflicting proof of absence from the demanding State must be both clear and conclusive. (*Lacondra v. Hermann, supra; People v. O'Brien,* 372 Ill. 640; *People v. Bell,* id. 572. If the evidence on such question is merely contradictory, the courts of this State will not discharge a person arrested under a Governor's extradition warrant. We will not attempt to determine the truth or falsity of an alibi or the guilt or innocence of the relator.

The judgment of the trial court is affirmed.

*Judgment affirmed.*