(No. 25822.-

THE PEOPLE *ex rel.* Dianah Georgevitch, Appellant, *vs.*
JAMES P. ALLMAN, Superintendent of Police, *et al.*
Appellees.

*Opinion filed Dec. 12, 1940—Rehearing denied February 12, 1941.*

LAWRENCE E. DOWD, and ELLIS & WESTBROOKS,
(RICHARD E. WESTBROOKS, of counsel,) for appellant.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and A. B. DENNIS, (EDWARD E.
WILSON, JOHN T. GALLAGHER, MELVIN STARKEL REMBE,
WALTER L. McCOY, and JAMES V. CUNNINGHAM, of coun-
sel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the
court:

Appellant was arrested as a fugitive from justice under
authority of a warrant issued by the Governor of this State
on the requisition of the Governor of New York. She
filed an amended petition for a writ of *habeas corpus* in the
criminal court of Cook county, and after a hearing, it was
dismissed and relatrix was remanded for delivery to the

agent of the State of New York. She has appealed directly to this court.

Maria Lazzara is the name of the alleged fugitive from justice appearing in all of the extradition papers. In her amended petition for writ of *habeas corpus,* appellant described herself as Dianah Georgevitch, under arrest as Maria Lazzara. The amended petition denies that she is Maria Lazzara and is signed by the mark of Dianah Georgevitch.

Appellant contends that she cannot be extradited because of the fact that all of the extradition papers are for Maria Lazzara and she is Dianah Georgevitch. She argues that because of this she is not the particular person named in the indictment requisition or the warrant issued by the Governor, and that she is not substantially charged with a crime against the laws of the demanding State. While it is true all the extradition papers contain the name Maria Lazzara the proof shows appellant is the person intended to be indicted and arrested. Attached to the affidavit of the complaining witness, Charles Giordana, is a photograph, and there is a statement in the affidavit that he "recognizes same as a picture of the woman who came into deponent's residence" on the day named and obtained $1420 by false pretenses. In addition, at the hearing two witnesses testified appellant is the same person who came to Giordana's home and committed the crime and the same person referred to as Maria Lazzara.

In *People* v. *Meyering,* 348 Ill. 486, the indictment was against John J. Hill. Relator testified the complaining witness knew him only as J. J. Hill. This court held that was a question of relator's identity as the man indicted, and, in denying the contention here advanced, said: "Whether the difference between the name J. J. Hill and John J. Hill may be corrected, or whether the correction is necessary under the New York code of criminal procedure is not shown, but it satisfactorily appears that the plaintiff in error is the man intended to be indicted by the name of John J. Hill."

In *People* v. *Meyering,* 358 Ill. 589, the indictment was against Henry Burke. The governor of the demanding State inserted in the requisition "Roy Maypole, *alias* Henry Burke." After holding the Governor had no authority to insert any name or names other than appear on the face of the indictment or affidavit which constitutes the foundation for the requisition, this court said: "Upon principle, as well as upon authority, it is also clear that the name in the warrant is immaterial if the person arrested is, in fact, the identical person indicted or intended to be charged in the demanding State, the only effect of such an error or unauthorized act being to shift the burden of proof to the respondent as to identity." The judgment was reversed because there was no proof of identity.

In *People* v. *Bell,* 372 Ill. 572, the criminal complaint was against H. E. Desmond, John Doe Lamar, and John Doe. The relator was Sisto Guidotti. He was identified by a photograph attached to the affidavit of the complaining witness as the person complaining witness knew by the name of John Doe Lamar. This court overruled the contention that relator was not the person named in the complaint and said: "The trial court saw the defendant in the court room and saw the affidavit of complaining witness which identified his photograph, and there is no evidence of any kind to controvert its findings on that point." Counsel for appellant do not deny that it was proved she is the person intended to be indicted under the name of Maria Lazzara. Under the above decisions that is all that is necessary. The indictment substantially charged a crime and appellant is the particular person indicted or intended to be indicted. Whether the indictment was defective because it did not contain appellant's true name, whether it may be amended, or whether that is necessary under the laws of New York are matters not before us. Those are questions for the courts of that State.

Contrary to appellant's contention, the record shows the requisition papers are in due form. They are certified to

be authentic by the Governor of New York, as required by statute. (18 U. S. C. A. sec. 662.) We need not consider the contention that the indictment does not show it was returned in open court. The technical sufficiency of an indictment is not·a question to be determined in this proceeding. *People* v. *O'Brien*, 373 Ill. 383; *People* v. *Meyering*, 348 id. 486.

The judgment is affirmed.

*Judgment affirmed.*