(No. 28449.—

THE PEOPLE *ex rel.* Jessie Gardner, Appellant, *vs.* MICHAEL F. MULCAHY, Sheriff, Appellee.

*Opinion filed May 23, 1945—Rehearing denied September 13, 1945.*

512

W. G. ANDERSON, of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, JAMES V. CUNNINGHAM, and GEORGE McMAHON, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Jessie Gardner, alias Jessie Gordon, alias Jessie Gauldon, alias Henry Flowers, was arrested as a fugitive from justice by the authority of a Governor's warrant issued upon the demand of the Governor of Mississippi. Seeking relief from his detention by the sheriff of Cook county, he filed a petition in the criminal court of the county for a writ of *habeas corpus*. A hearing upon the petition and the sheriff's return thereto resulted in a judgment quashing the writ and remanding Gardner, the relator, to the custody of the sheriff, the respondent. The relator prosecutes this appeal.

From the warrant of the Governor of this State, introduced in evidence, it appears that the relator was charged with the crime of murder in Sunflower county, Mississippi. The request of the Governor of Mississippi recites that it is based upon an affidavit and warrant, certified to be authentic. Included in the extradition papers are: (1) an application by the sheriff of Sunflower county for requisition stating that relator stands charged with the crime of murder, as evidenced by the certified copies of the county prosecuting attorney's affidavit and a warrant of a justice of the peace; (2) a "criminal affidavit" of the prosecuting attorney of Sunflower county, acknowledged before the justice of the peace, charging, "on information," that the relator committed the crime of murder November 8, 1941; (3) a warrant of the same justice for the apprehension of the relator, and (4) an affidavit of Fred and Abbie Frazier of Inverness, Sunflower county, Mississippi, affirmatively alleging that Lawyer Cleveland met his death on November 8, 1941, at the hands of the relator who shot him with a pistol, that they were well acquainted with the relator, having lived on the same plantation with him for one year, and on an adjoining plantation for more than five years, and that they saw relator on the day he killed Cleveland. This affidavit appears to have been acknowledged before the same justice of the peace, but is uncertified by him.

By his amended petition for *habeas corpus,* relator charges that the requisition papers certified to the Governor of this State are substantially defective and void for the reason, among others, that the affidavit of the prosecuting attorney upon which the Governor of Mississippi made his requisition to the Governor of Illinois was on "information" and, further, that the affidavits of Fred and Abbie Frazier were never filed in the office of the justice of the peace, there being no certificate to this effect. The sheriff's return avers that the Governor's warrant and

requisition papers are in due and legal form, and that the law with respect to the return of fugitives from justice has been fully satisfied.

To obtain a reversal, relator challenges the validity of the affidavit of the prosecuting attorney, contending that an affidavit made upon "information" or information and belief is insufficient as a matter of law to authorize the rendition of any person from one State to another. The recitals in the rendition warrant of the Governor for the arrest of an alleged fugitive from justice make a *prima facie* case against him, and the burden rests upon him to prove that he is entitled to discharge. (*People ex rel. Thompson* v. *Lonie,* 374 Ill. 322; *People ex rel. Mortensen* v. *O'Brien,* 371 Ill. 351; *People ex rel. Parkinson* v. *Martin,* 357 Ill. 109; *People ex rel. Wortman* v. *Munie,* 354 Ill. 490.) The applicable statute of the United States ordains that the requisition issued by the demanding Governor shall contain "a copy of an indictment filed or an affidavit made before a magistrate * * * charging the person demanded with having committed treason, felony or other crime, certified as authentic by the Governor * * * of the State * * * from whence the person so charged has fled." (18 U.S.C.A. sec. 662.) Two questions are presented to the Governor of the asylum State to whom such a demand is made: first, is the person demanded substantially charged with a crime against the laws of the demanding State by an indictment or an affidavit, certified as authentic by the Governor of the State making the demand; and, second, is the person sought a fugitive from the justice of that State. The first of these prerequisites presents a question of law and the second, one of fact. (*Munsey* v. *Clough,* 196 U. S. 364; *Roberts* v. *Reilly,* 116 U. S. 80; *People ex rel. Flowers* v. *Gruenewald, ante,* p. 79.) It is sufficient to justify the retention of the prisoner that the sheriff's return shows only the Governor's warrant, if it certifies to sufficient facts with re-

spect to the crime. All the law requires be shown to the Governor of the asylum State is that the accused is substantially charged with a crime against the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic by the Governor of the demanding State, and that the person demanded is a fugitive from the justice of that State. (*People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274.) The responsibility, in the first instance, of determining whether an accused is substantially charged with a crime and is a fugitive from the justice of the demanding State rests on the chief executive of the State in which he is found. *Munsey* v. *Clough,* 196 U. S. 364; *People ex rel. Mark* v. *Toman,* 362 Ill. 232.

It is of course true, as relator urges, that the statute is one involving the substantial rights of citizens, and its essential requirements must be satisfied. (*Ex parte Hart,* 63 Fed. 249; *Ex parte Morgan,* 20 Fed. 298.) It does not follow, however, that the mere fact the affidavit of the prosecuting attorney is not positively verified vitiates the warrant in this proceeding. The technical sufficiency of the charge, whether by an indictment, information, or an affidavit, is not open to consideration in an extradition proceeding. (*People ex rel. McNichols* v. *Pease,* 207 U. S. 190; *People ex rel. Downer* v. *O'Brien,* 373 Ill. 383; *People ex rel. Biggs* v. *Nash,* 366 Ill. 186; *People ex rel. Lyman* v. *Smith,* 352 Ill. 496; *People ex rel. McCline* v. *Meyering,* 356 Ill. 210.) Indeed, an affidavit is not required to be as technically correct as an indictment. (*Munsey* v. *Clough,* 196 U. S. 364.) As observed in *People ex rel. McCline* v. *Meyering,* 356 Ill. 210, "Whether it be an affidavit or an indictment, we cannot question the technical sufficiency of the charge of the crime under the laws of the demanding State." Here, the affidavit of the prosecuting attorney was signed by him and acknowledged before a magistrate, as required by the Federal statute, and the Governor of the demanding State has

certified the requisition papers as authentic. The challenged affidavit was annexed to and made a part of the rendition papers. From the Governor's warrant it clearly appears that relator was charged with a crime against the laws of the State of Mississippi. In the absence of a showing that the recitals in the warrant are false, they must be accepted as true. Relator has wholly failed to meet the burden of overcoming the *prima facie* case made by the recitals contained in the Governor's rendition warrant that he is a fugitive from justice and, consequently, is not entitled to discharge.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*