(No. 29049.—)

THE PEOPLE *ex rel.* Zenolia Bell, for and on behalf of Jack A. Bell, Appellant, *vs.* MICHAEL F. MULCAHY, Sheriff, Appellee.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

IRVIN C. MOLLISON, and ROBERT E. BRYANT, both of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and C. D. PEMBERTON, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Jack A. Bell was arrested as a fugitive from justice on the authority of a Governor's warrant issued upon the demand of the Governor of the State of Mississippi. Zenolia Bell, for and on behalf of Jack A. Bell, filed her petition for a writ of *habeas corpus* in the criminal court of Cook county, alleging that she was the wife of relator and that he was imprisoned and restrained of his liberty by Michael Mulcahy, sheriff of said county. A hearing was had upon the petition and the sheriff's return thereto, which resulted in a judgment quashing the writ of *habeas corpus* and remanding the relator, Jack A. Bell, to the custody of the respondent for delivery to the agent from the State of Mississippi. The relator prosecutes an appeal to this court.

The errors assigned are voluminous but only six are argued in the brief, and they are similar in character.

It is contended by relator that the requisition and papers, upon the basis of which the Governor's warrant was issued, do not comply with the second paragraph of section 2 of article IV of the constitution of the United States and with section 5278 of the Revised Statutes of the United States, in that the requisition was not supported by an indictment found or an affidavit made before a magistrate, certified as authentic and charging the relator, Jack A. Bell, with having committed the crime of wilful trespass, petty larceny and escaping jail.

The right to extradite persons charged with the commission of crimes is controlled by the Federal constitution and statutes. It has been many times stated by this court "that upon receipt of a requisition the Governor of the asylum State has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding State by an indictment or affidavit? (2) Is he a fugitive from the justice of that State? The first of these questions is one of law and the second is

one of fact." *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79; *People ex rel. Gardner* v. *Mulcahy,* 390 Ill. 511.

In both of those cases it is announced that all that is necessary to be shown to the Governor of the asylum State is that the accused is substantially charged with a crime against the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic by the Governor of the demanding State and that the person demanded is a fugitive from the justice of that State.

In the *Gruenewald case* we said: "The rule is well settled that in *habeas corpus* proceedings under the Fugitives From Justice Act, the Governor's warrant for the arrest of a person as a fugitive makes a *prima facie* case and the burden is on the prisoner to prove that he is entitled to discharge." *People ex rel. Mortensen* v. *O'Brien,* 371 Ill. 351; *People ex rel. Thompson* v. *Lonie,* 374 Ill. 322; *People* v. *Gruenewald,* 390 Ill. 79.

In the present case the Governor's warrant recites that there was produced and laid before him an affidavit, certified as authentic by the Governor of Mississippi, charging relator with the crime of "Wilful Trespass, Petty Larceny & Escaping from Jail, which the said Governor certifies to be a crime under the laws of said State of Mississippi." Section 5278 of the Revised Statutes of the United States provides that the requisition issued by the demanding Governor shall contain "a copy of an indictment found or an affidavit made before a magistrate * * * charging the person demanded with having committed treason, felony or other crime, certified as authentic by the Governor * * * of the State * * * from whence the person so charged has fled." (18 U.S.C.A. sec. 662.) The Governor of Mississippi in his requisition recites that the annexed affidavit is certified to be authentic.

Contained in the extradition papers are three affidavits, only one of which appears to have been made before a magistrate. It is executed by the sheriff of Lauderdale

county, Mississippi, before Ransom Clark, a justice of the peace. The point made by the relator that a justice of the peace is not a magistrate is wholly without merit.

The exhibits included in the sheriff's return are sufficient to make out a *prima facie* case showing that the issuance of the warrant by the Governor of this State was justified and proper and that the detention of the relator, based on the authority of such warrant, was legal. In *People* v. *Mulcahy*, 390 Ill. 511, we said: "The technical sufficiency of the charge, whether by an indictment, information, or an affidavit, is not open to consideration in an extradition proceeding."

"The burden was on the relator to overcome the *prima facie* case made by the recitals contained in the Governor's warrant. In order to be discharged on *habeas corpus*, it is imperative that the prisoner produce evidence to overcome the *prima facie* case, and failing to do so, he is not entitled to discharge." *People* v. *Gruenewald*, 390 Ill. 79.

The contention of relator that the affidavit in question is not signed but is shown in typewriting is also without merit. The papers attached as exhibits are not originals but merely copies and only purport to be such. "Indeed, an affidavit is not required to be as technically correct as an indictment." *People* v. *Mulcahy*, 390 Ill. 511.

He also urges that in none of the papers has the accused been substantially charged with a crime, but the affidavit avers that relator "did unlawfully escape from the County Jail of Lauderdale County, Mississippi, where he was confined in said jail and undergoing lawful imprisonment therein, against the peace and dignity of the State of Mississippi," which, for the purposes of extradition, is sufficient. From the entire record it is apparent that he was confined in jail for wilful trespass and for petty larceny, and, while so confined, escaped from jail and fled to the State of Illinois.

There being no evidence produced or shown in the record to overcome the *prima facie* case made by the Governor's warrant, the relator was not entitled to be discharged.

The judgment of the criminal court of Cook county, quashing the writ of *habeas corpus* and remanding the relator to the custody of the sheriff of Cook county to be delivered to the agent of the State of Mississippi, is affirmed.

*Judgment affirmed.*