(No. 30506.— )

THE PEOPLE *ex rel.* Evelyn Morris, Appellant, *vs.* ELMER WALSH, Sheriff, Appellee.

*Opinion filed September 24, 1948.*

BRODKIN & BIEBER, and DARROW, SMITH & CARLIN, both of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and JAMES V. CUNNINGHAM, both of Chicago, of counsel,) for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the criminal court of Cook County which quashed a writ of *habeas corpus* and ordered the relatrix, Evelyn Morris, remanded to the sheriff for delivery to the authorities of the State of Idaho for extradition on a warrant issued by the Governor of Illinois pursuant to a request of the Governor of Idaho for prosecution of the crime of grand larceny in the State of Idaho.

The record discloses that Evelyn Morris, hereafter referred to as the appellant, was arrested upon the warrant of the Governor of Illinois issued upon the requisition of the Governor of Idaho. A petition for the issuance of a writ of *habeas corpus* was filed in her behalf alleging that the requisition papers were not in regular and legal form; that appellant was not the person named in said papers; that appellant was not substantially charged with the crime of grand larceny and that appellant was not a fugitive from justice and was not physically or actually present in the State of Idaho on or about the date the alleged crime was committed. A writ of *habeas corpus* was duly issued and the sheriff of Cook County filed a return to the writ alleging that appellant was properly held under authority of the Governor's warrant; that the custody was legal and that the requisition papers were in proper form; that

she was the particular person named; that she was substantially charged with the crime and that she was a fugitive from justice and was in the State of Idaho on or about the date it is alleged that she committed the offense.

The appellant filed an answer to the return specifically denying the allegations of the sheriff. She also filed a motion to strike the warrant of the Governor of Illinois on the ground that the complaint on which requisition papers were based was founded on hearsay and not upon the personal knowledge of the complainant, as required by law, and that, therefore, extradition could not be had thereon.

A hearing was had, and the warrant of the Governor of Illinois was introduced as evidence, and the appellant offered as evidence a photostatic copy of the requisition papers filed with the Secretary of the State of Illinois. The complaint filed in the State of Idaho upon which the extradition was based is as follows:

"In the Justice's Court of Boise Precinct,
Ada County, Idaho

Before R. W. Adams, Justice of the Peace

| | |
|---|---|
| Complaint—<br>Criminal | The State of Idaho,<br>Plaintiff,<br>vs.<br>Evelyn Morris, alias Evelyn D.<br>Hutson,<br>Defendant. |

Personally appeared before me this 20th day of July, 1947, Grant L. Ambrose, Deputy Prosecuting Attorney in the County of Ada who, being first duly sworn, complains and says:

That Evelyn Morris on or about the 4th day of December, 1946, at ............ in the County of Ada and State of Idaho, then and there being and then and there commit the crime of Grand Larceny, said crime being committed as follows, to-wit: That the said defendant, Evelyn Morris, at Boise City, in Ada County, Idaho, on or about the 4th day of December, 1946, then and there being did then and there wilfully, unlawfully, intentionally and feloniously take, steal and carry away the personal property of another, to-wit: approximately sixty-nine (69) cut

diamonds, unset, said property being then and there the property of one Green-Griffin Company and of the value of over $60.00, lawful money of the United States, to-wit of the value of Ten Thousand and no one-hundredths ($10,000.00) Dollars, lawful money of the United States.

All of which is contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Idaho.

Said complainant therefore prays that a Warrant may be issued for the arrest of said Evelyn Morris, and that she may be dealt with according to law.

Grant L. Ambrose

Subscribed and sworn to before me this 30th day of July, 1947.

R. W. Adams<br>Justice of the Peace"

After hearing arguments on the motion to strike the Governor's warrant, the court overruled the same and stated that the complaint was not based upon information and belief, even though it appears to have been made by a deputy prosecuting attorney.

The court ruled that the sheriff had proved a *prima facie* case by introducing the Governor's warrant. The appellant was then called as a witness in her own behalf and testified that on December 4, 1946, she was not physically or actually present in the State of Idaho and that she had never been there in her life. In rebuttal, appellee called Clarence H. Kohls as a witness who testified that he was a jewelry salesman for the Green-Griffin Company in Idaho in December, 1946, and that he had occasion to see the appellant in the State of Idaho on that day when she came into the jewelry store where he worked and asked him if he had a certain type of unmounted diamond in stock and that pursuant to her request he showed her certain unmounted diamonds and that he conversed with her for approximately one half hour in said store showing her unmounted diamonds, cigarette lighters and certain aluminum ware. He identified the appellant in open court as the woman who had been in his store on December 4, 1946.

On cross examination of this witness it was brought out that he did not see the appellant commit any unlawful act while in the store.

After the hearing the court quashed the writ of *habeas corpus* and remanded the appellant to the custody of the sheriff to be delivered to the messenger of the State of Idaho, and this appeal followed. The appellant contends that the order of the trial court should be reversed for three reasons:

1. The Idaho warrant is not based upon probable cause because the complaint is not verified by a party having personal knowledge of the matters and things charged therein.

2. The evidence was inadequate to establish that the appellant was a fugitive from Idaho or is the identical person named in the Governor's warrant.

3. The Idaho criminal proceeding was not brought in good faith, since the evidence conclusively discloses that the appellant did not commit the crime charged.

A careful study of the complaint filed by the deputy prosecuting attorney indicates that the same is verified upon his personal knowledge and is not merely filed upon information and belief. The argument is made by the appellant that the deputy prosecuting attorney was not a witness to the crime charged, but no proof of that fact has been submitted by appellant. Under the statutes of the State of Idaho it appears that all complaints are to be filed in the name of the public prosecutor and that after a complaint has been filed it becomes the duty of the magistrate to examine on oath either the informant or the prosecutor or any witness he may produce and take their depositions in writing. It also appears that depositions to be taken by the magistrate must set forth facts to establish the commission of the offense, and if the magistrate is satisfied that the offense complained of has been committed and that there is reasonable ground to believe that the defend-

ant has committed the offense, the magistrate must issue a warrant. Sections 501-506, Title 19 of the Code of Criminal Procedure, State of Idaho.

While it is contended by the appellant that it is improbable that the deputy prosecuting attorney was a witness to the crime, the Idaho magistrate has issued the warrant and has certified that there is probable cause justifying the apprehension of the appellant. The Governor of the State of Idaho has examined the request for requisition and has certified to the Governor of Illinois that the proceedings had in the State of Idaho are authentic and duly conducted in accordance with the laws of that State. These facts must be given considerable weight and in the absence of proof that the complaint is made by a person who has no personal knowledge of the occurrence we believe that the court properly held that the Governor's warrant should not be stricken.

The sufficiency of an indictment or information as a matter of technical pleading, cannot be questioned in an extradition proceeding. (*People ex rel. Lyman* v. *Smith*, 352 Ill. 496; *People ex rel. Flowers* v. *Gruenewald*, 390 Ill. 79; *People ex rel. Gardner* v. *Mulcahy*, 390 Ill. 511.) Under our Federal constitution each State has full control over its criminal procedure. (*People* v. *Gruenewald*, 390 Ill. 79.) It appears that the complaint and the issuance of the warrant were in accordance with the statutes of the State of Idaho and, therefore, they are a sufficient basis for extradition.

It is next contended by the appellant that she should have been discharged because of her testimony that she was not in the State of Idaho and had never been there. The identification made by the jewelry store salesman was quite positive and was complete. His testimony places her in his store on the exact date of the alleged crime. Where the evidence is conflicting, proof of absence from the demanding State must be both clear and conclusive. (*People*

*ex rel. Downer* v. *O'Brien,* 373 Ill. 383.) In that case we stated, "If the evidence on such question is merely contradictory, the courts of this State will not discharge a person arrested under a Governor's extradition warrant. We will not attempt to determine the truth or falsity of an alibi or the guilt or innocence of the relator." It is our opinion that the court properly held against the appellant on this aspect of the case.

We next consider the argument that the Idaho criminal proceeding is not brought in good faith because the evidence conclusively discloses that the appellant did not commit the crime charged. We believe that this argument is of absolutely no bearing as applied to the facts in this case. The witness Kohls testified that he did not see the appellant steal anything or commit any unlawful act. From this evidence appellant argues that, therefore, it is conclusively established that she is guilty of no crime. It should be remembered that the testimony of the witness Kohls was introduced for the purpose of identifying the appellant as being in the State of Idaho on the date of the crime. The information which was filed in the State of Idaho does not state at what hour of the day the crime was committed and the fact that the witness did not see her steal any property cannot be considered in any way as proof of her innocence since it is entirely possible that upon the trial of the case in the State of Idaho it will appear that she subsequently entered the store or that she previously entered the store and committed the offense charged.

For the reasons stated in this opinion, the order of the criminal court of Cook County quashing the writ of *habeas corpus* and remanding the defendant to the sheriff of Cook County for delivery to the messenger of the State of Idaho is affirmed.

*Order affirmed.*