UNITED STATES of America ex rel. Raymond Everett HACKLER, Plaintiff-Appellant,

v.

Frank G. SAIN, Sheriff of Cook County, Illinois, Defendant-Appellee.

No. 13119.

United States Court of Appeals Seventh Circuit.

Feb. 23, 1961.

Rehearing Denied April 7, 1961.

---

Paul Homer, Chicago, Ill., for appellant.

Benjamin S. Adamowski, Edward J. Hladis, Asst. State's Atty., Chicago, Ill. (Francis X. Riley, Asst. State's Atty., Chicago, Ill., of counsel), for appellee.

Bfore HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Raymond Everett Hackler, plaintiff, has appealed from an order of the district court, quashing a writ of habeas corpus issued upon his petition and remanding him to the custody of Frank G. Sain, sheriff of Cook county, Illinois, defendant.

The pertinent facts are not disputed.

Plaintiff was arrested in Illinois by defendant, who acted under the authority of a warrant of arrest issued by the governor of Illinois on February 25, 1958, reading, in part:

"The Governor of the State of North Carolina demands of me the arrest and delivery of Raymond Everett Hackler as a fugitive from justice and has produced and laid before me a copy of an commitment, warrant, certified as authentic by the said Governor and duly authenticated and charging the said Raymond Everett Hackler with having committed on the 19th day of June, A.D.1955, in the County of Guilford, in the said State of North Carolina, the crime of reckless driving, no Operator's license, drunk driving and no Operator's license, which the said Governor certifies to be a crime under the laws of said State of North Carolina * * *."

On March 17, 1958, relator filed a petition for writ of habeas corpus in the Criminal Court of Cook County, Illinois, which, as supplemented thereafter, contended that he had been detained in violation of his constitutional rights because the warrant of arrest was wholly invalid.

Following a trial, the court quashed the writ and remanded relator to custody for rendition to the State of North Carolina. The judgment of the Criminal Court was affirmed by the Supreme Court of Illinois. People ex rel. Hackler v. Lohman, 17 Ill. 2d 78, 160 N.E.2d 792.

Relator's petition charges that he is deprived of due process of law in violation of amendment XIV of the constitution of the United States. He states that the Supreme Court of Illinois held that the process was invalid.

From the opinion of that court, 17 Ill. 2d at page 80, 160 N.E.2d at page 794, it appears:

"The sheriff's return to the writ of *habeas corpus* alleged that relator was in his custody by authority of the rendition warrant issued by the Governor of Illinois on requisition of the Governor of North Carolina; that all papers were legal; that relator was a fugitive from justice charged with offenses against the laws of the State of North Carolina

and was the person named in the extradition papers and Governor's warrant. No papers or documents accompanied the return. At the hearing the defendant introduced only the rendition warrant. Relator then moved for a discharge on the ground that the warrant was void on its face. After argument by counsel in support of the motion, the trial judge stated that he did not believe the case should be decided on a technicality, and counsel expressed a desire to offer evidence. The court indicated approval and stated that it did not wish to rule on the case piecemeal.

"The relator then testified that he was the person named in the Governor's warrant; that he had lived in Chicago two years; that he was convicted in the State of North Carolina on the charges named in the warrant and was sentenced to imprisonment, but had served his full sentences; * * *.

"After relator had testified, his counsel introduced, without objection, copies of certain documents which had been filed by the North Carolina authorities in support of the extradition proceedings. These included the request of its Governor for the return of relator as a fugitive and the sworn statement of the director of prisons that relator had been convicted of certain crimes and sentenced to imprisonment; and that he had escaped while serving the sentences. Copies of the commitments were also offered in evidence.[1]

"The relator takes the position that the trial court could not properly considering papers in determining the legality of his arrest and detention, but must decide the case by referring consider the contents of the suppence to the provisions of the rendition warrant alone; and that since the latter document failed to comply with sections 3 and 7 of the Uniform Criminal Extradition Act, (Ill.Rev. Stat.1957, chap. 60, pars. 20 and 24,) it was void and the relator was entitled to discharge."

Inasmuch as plaintiff, in the case at bar, relied upon the Illinois Act just referred to, we proceed with the Illinois court's discussion of that Act, in connection with plaintiff's resistance to extradition. At page 81 of 17 Ill.2d, at page 795 of 160 N.E.2d, the court said:

"The rendition warrant issued by the Governor of Illinois, after reciting the request by the Governor of North Carolina that Hackler be returned as a fugitive, stated that there had been produced and laid before him 'a copy of an commitment, warrant certified as authentic by the said Governor' charging Hackler with having committed in the State of North Carolina the crimes of 'reckless driving, no operator's license, drunk driving and no operator's license' which are certified to be crimes under the laws of that State; and that he is satisfied that Hackler is a fugitive from jus-

---

1. "These papers, certified as authentic by the Governor of North Carolina, showed that relator was convicted in the municipal court of High Point, on June 27, 1955, of reckless driving, drunk driving and driving with no operator's license and sentenced to nine months imprisonment; that on July 7, 1955, he was convicted in the county court of Rowan County, of the crime of false pretense and sentenced to jail for eighteen months, the prior sentence being adjusted to run concurrently with this sentence; that on July 8, 1955, he was also convicted of larceny by trickery in the county court of Davidson County upon which he was sentenced to twelve months confinement to begin at the expiration of the latter sentence; that on March 12, 1956, while serving these sentences, he escaped from Cabarrus County prison camp, at Mt. Pleasant; and that his extradition and return is requested for the purpose of completing the sentences. The affidavit of the director of prisons was sworn to before a magistrate and the usual certificate of magistracy was attached. * * *"

tice, has fled from the State of North Carolina and has taken refuge in this State. The warrant then commands the arrest, the production of the fugitive in court and his delivery to the agent of the demanding State unless discharged.

"Section 3 prescribes the form and contents of the demand for extradition and specifies that the documents which shall accompany it shall be 'a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.'

"Section 7 sets forth the form and contents of the Governor's warrant in these words: 'If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to any peace officer or other person who he may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issuance.'

"This poses the question of whether a rendition warrant reciting that it is based upon the production of a 'commitment, warrant' meets these statutory requirements. However, before resolving this question, it is proper that we recur to the fundamental principles of the law of extradition."

and 17 Ill.2d at page 87, 160 N.E.2d at page 798:

"Section 3 specifies, in the alternative, that (1) a copy of an indictment or an information supported by affidavit, (2) a copy of an affidavit made before a magistrate, together with a copy of any warrant which was issued thereupon, (3) a copy of a judgment of conviction or of a sentence ·imposed in execution thereof, together with a statement by the executive authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole, must be laid before the Governor of the asylum State with the demand. (Ill. Rev.Stat.1957, chap. 60, § 20.) Except for the third statement, these requirements are essentially the same as those found in the Federal act. (U.S.Rev.Stat., sec. 5278, Title 18 USCA, § 3182.) This specification appears to have been added to meet the case of the escaped convict, a situation not necessarily encompassed where the showing is to be made by indictment or affidavit.

"We see no conflict between the provisions of section 3 and the Federal act, since courts have long held that an escaped convict is a fugitive from justice as well as an accused person and properly subject to extradition. * * * [the Governor's warrant] should recite, among other facts, substantial compliance with at least one of the documentary requirements specified in section 3."

The Illinois court, 17 Ill.2d at page 88, 160 N.E.2d at page 799, then stated:

"The real issue in a *habeas corpus* proceeding is whether the prisoner is illegally restrained. In an extradition proceeding, the initial inquiry is whether the rendition warrant is *prima facie* sufficient to justify the detention. (People ex rel. Poncher v. Toman, 371 Ill. 275, 20 N.E.2d 579.) By the weight of authority,

however, legal deficiencies in the rendition warrant may be cured in *habeas corpus* proceedings for the discharge of the fugitive, by * * producing at the hearing the papers on which the warrant was issued which show on their face that they are in due legal form, and that the warrant was justified. 22 Am.Jur., par. 51, page 289; 89 A.L.R. 599."

The court then pointed out that an examination

"* * * of the documentary exhibits which were filed with the request for extradition in this case shows that the Governor was fully justified in issuing the rendition warrant. The affidavit of the director of prisons stated that relator was convicted of certain crimes in the State of North Carolina; that he was sentenced to imprisonment therefor; that while serving his sentences and before the terms had expired he unlawfully escaped from confinement and fled to this State. The affidavit was sworn to before a magistrate as required. The facts established by these exhibits afforded a proper legal basis for extradition. People ex rel. Bell v. Mulcahy, 392 Ill. 290, 293, 64 N.E.2d 474.

"In addition, the commitment papers show the conviction, judgment and sentence in each case, as well as a statement by the Governor of the demanding State that relator escaped from confinement while serving his sentences and before the terms had expired. All papers were authenticated by the Governor of North Carolina. There was substantial compliance with the provisions of section 3 of the Uniform Criminal Extradition Act. * * "

■ In the case at bar the documents filed with the requisition for extradition were all brought to the attention of the district court by relator, who voluntarily introduced them as evidence. He thereby became bound by their effect, whether favorable or unfavorable to his contentions.

■ It is well to bear in mind that the principles of construction governing extradition laws are different from those pertaining to penal laws. As we pointed out in United States ex rel. Jackson v. Meyering, 7 Cir., 54 F.2d 621, 622—

"In the removal of fugitives, that strict accuracy of statement and proceedings is not required as in case of indictments. Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515. As between the states, there is no invasion of the fugitive's rights to remove him to another state to be there tried for an alleged offense for which he might have been required to undergo trial had he never left it. The constitutional provision for extradition between the States (Const. art. 4, § 2, cl. 2) and the statutes thereon (18 USCA § 662) 'have not been construed narrowly and technically by the courts as if they were penal laws, but liberally to effect their important purpose.' * * * "

We hold that relator has not sustained his charges that his federal constitutional rights have been violated.

For the reasons, we affirm the order of the district court from which this appeal was taken.

Order affirmed.

HASTINGS, Chief Judge (dissenting).

Plaintiff was arrested in Illinois as a fugitive from justice under proceedings instituted by the State of North Carolina seeking his extradition to that state. In making the arrest, defendant acted under the authority of a Governor's Warrant of Arrest issued pursuant to the Illinois Uniform Criminal Extradition Act. 2 Ill.Rev.Stats., 1957, ch. 60.

Plaintiff contends that since the rendition warrant *was invalid on its face,* he has been deprived of his liberty in violation of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

Plaintiff first sought relief by a *habeas corpus* proceeding in the Criminal Court of Cook County, Illinois. Following a trial in that court, the writ was quashed; and he was remanded to custody. On appeal, the Supreme Court of Illinois affirmed. The People ex rel. v. Lohman, 1959, 17 Ill.2d 78, 160 N.E.2d 792, certiorari denied 361 U.S. 963, 80 S.Ct. 591, 4 L.Ed.2d 544.

Plaintiff then filed the instant *habeas corpus* proceeding in the district court. It appears that the district court took the case on the facts as shown in the state court record and on briefs submitted by both parties and subsequently quashed the writ. This appeal followed.

The sole question before us is whether an arrest and detention made under a warrant of arrest, *invalid on its face,* is a deprivation of "liberty" as guaranteed by the Fourteenth Amendment, where such invalid warrant is validated by the subsequent introduction of documents in aid of the warrant in a *habeas corpus* proceeding.

The resolution of this case is made difficult because no one disputes the fact that the rendition warrant is void on its face. The invalidity arises from the failure of the warrant to "substantially recite the facts necessary to the validity of its issuance," as required by Section 7 of the Illinois Uniform Extradition Act, supra.

In the Hackler case, supra, the Supreme Court of Illinois said:

"The provisions in the uniform act relative to the form and contents of the Governor's warrant are found in section 7 which sets forth that it 'must substantially recite the facts necessary to the validity of its issuance.' (Ill.Rev.Stat.1957, chap. 60, par. 24.) This is a codification of the former law that the warrant must recite all jurisdictional facts necessary to its validity." 17 Ill.2d at page 86, 160 N.E.2d at page 798.

The court concluded:

"In view of the requirements of the statutes, State and Federal, and of the numerous decisions upon the question, we are persuaded that the words 'commitment, warrant' as recited in the warrant in question render its validity at least doubtful *and, without more appearing, we would hold the relator entitled to discharge."* (Emphasis added.) Id., 17 Ill.2d at page 88, 160 N.E.2d at page 799.

The Supreme Court of Illinois further held that "[a]n examination of the documentary exhibits which were filed with the request for extradition in this case shows that the Governor was fully justified in issuing the rendition warrant." Id., 17 Ill.2d at pages 88–89, 160 N.E.2d at page 799. The majority opinion of our court follows the holding of the Illinois court.

With deference, I believe the central issue before us has been misconstrued. Plaintiff does not question the authority of the Governor to *issue* the warrant. He challenges the authority of the arresting officer to *make an arrest* on the authority of an invalid warrant issued by the Governor.

An arrest pursuant to an invalid warrant is no different in law than an arrest with no warrant at all. To hold that such an arrest can be subsequently validated by retroactive procedures goes beyond the holding of any case brought to our attention. This seems to me to be a clear case of illegally depriving a party of his personal liberty at the time of his arrest.

Further, it is held by the majority and by the Illinois court that because plaintiff

brought to the attention of the trial court the documents filed with the requisition for extradition, plaintiff is bound by them. The Illinois Supreme Court opinion, quoted by the majority here, states:

"At the hearing the defendant introduced only the rendition warrant. Relator then moved for a discharge on the ground that the warrant was void on its face. After argument by counsel in support of the motion, the trial judge stated that he did not believe the case should be decided on a technicality, and counsel expressed a desire to offer evidence. The court indicated approval and stated that it did not wish to rule on the case piecemeal." Id., 17 Ill.2d at page 80, 160 N.E.2d at page 794.

Plaintiff then introduced oral and documentary evidence on the question of *fugitivity*.

Under these circumstances I deem it improper to hold, in effect, that plaintiff has waived his principal contention that the warrant was void on its face.

No one disputes that the Governor of Illinois had authority to issue a rendition warrant in this case. Under the appropriate Illinois statute there was a proper way for this to be done. The Governor, perhaps inadvertently, chose a wrong way to do it. An illegal arrest followed, and plaintiff was thereby detained under an invalid process. To cure such a deprivation of personal liberty by resort to subsequent consideration of evidence showing that the Governor had authority to issue a valid warrant is to do violence to established concepts of due process. On this narrow issue I can find no rational basis for distinguishing the instant arrest from that in a criminal proceeding.

It is my considered judgment that the State of Illinois should proceed in a proper manner as it now appears it may do. I would reverse the judgment of the district court and give opportunity for the State to comply fully with its own statutory requirements.