(No. 21296.—

THE PEOPLE *ex rel.* Earl Moore, Plaintiff in Error, *vs.* OTTO WIRZ, Chief of Police, Defendant in Error.

*Opinion filed June 24, 1932.*

BEAMISH & EDWARDS, and MERRITT J. LITTLE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, GEO. D. CARBARY, State's Attorney, and J. J. NEIGER, (C. A. SHULTS, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Otto Wirz, chief of police of the city of Aurora, the defendant in error, arrested Earl Moore, the relator and plaintiff in error, by virtue of a warrant of extradition issued by the Governor upon the demand of the Governor

of the State of Michigan, and the relator sued out a writ of *habeas corpus* from the circuit court of Kane county to be delivered from the custody of the respondent. Upon the hearing the court ordered the relator remanded to the custody of the officer for delivery to the agent of the State of Michigan in accordance with the warrant of extradition. The relator has sued out this writ of error.

It appears from the warrant of extradition, and the papers attached to it, that the crime with which the defendant is charged is "neglecting and refusing to obey the decree of a court of chancery for the support of a minor child and departure from State," which the Governor of Michigan certifies to be a crime under the laws of that State. Among the extradition papers is the affidavit of Carrie M. Moore, made before a justice of the peace of Washtenaw county, Michigan, stating that she was granted a decree of divorce on September 25, 1925, in the circuit court of Washtenaw county, Michigan, which provided, among other things, that the relator, Earl M. Moore, should pay the sum of eight dollars a week to the clerk of the court for the support of the minor child of Earl and Carrie M. Moore, and that the relator, disregarding the order of the court, had made no payment as provided for in the decree since February 2, 1931, and that at the date of the affidavit he was in default in the payment of the amount ordered, in the sum of $754. It appears from the bill of exceptions that the relator, the plaintiff in error, testified that he went from Jackson, Michigan, to Toledo, Ohio, on January 11, 1931, and that he has not been in the State of Michigan since that date. There is no contradiction of this testimony.

Sections 12781 and 12782 of the compiled laws of Michigan of 1929 were introduced in evidence on behalf of the respondent but are not included in the bill of exceptions.

The plaintiff in error argues that he was not in the State of Michigan at the time the crime charged was com-

mitted and therefore is not subject to be rendered to that State under a warrant of extradition on the demand of its executive. The warrant of the Governor for the arrest of the plaintiff in error makes a *prima facie* case against him and imposes upon him the burden of proof to show that he is not a fugitive from justice. The charge made in the warrant for the extradition alleges that the offense was committed on February 2, 1931, but the testimony of the plaintiff in error that he left the State of Michigan on January 11, 1931, and has not been within that State since, is uncontradicted. He, therefore, so far as this record shows, was not in the State of Michigan on February 2, 1931. The prosecution is not, however, confined to the precise date alleged in the indictment as the date of the commission of the crime but may prove the true date on which the offense actually occurred. While the evidence is that the person charged with the offense was not within the State on the date it was alleged to have been committed, yet if the evidence tends to show that the offense was committed at another time and that the person charged was actually within the State at the time it was committed he would not be relieved from extradition. While the first affidavit of Mrs. Moore appearing among the extradition papers charges the offense to have been committed on February 2, 1931, the subsequent affidavit avers that at the time it was made, December 30, 1931, the plaintiff in error was in default in the payments which he was required by the decree to make, in the sum of $754. This amount, at the rate of eight dollars a week fixed in the decree, covered a period of ninety-four weeks, and, counting back from the date of the affidavit, would show a default occurring in March, 1930, and on each subsequent week, and further would show that at the time of his departure from the State of Michigan in January, 1931, the plaintiff in error was in default in the weekly payments required for about ten months. These facts are apparent from an examination of the ex-

tradition papers, and the evidence of the defendant that he departed from the State of Michigan on January 11 does not meet the showing made against him.

The only question at issue on this record of which the plaintiff in error could avail is that he was not physically present in the State about the date of the offense which he is charged with, and the evidence does not sustain his contention on that issue. Therefore the judgment remanding him to the custody of the officer was right, and it is affirmed.

*Judgment affirmed.*