(No. 24032.—

THE PEOPLE *ex rel.* George Biggs *et al.* Plaintiffs in Error, *vs.* CHARLES NASH, Sheriff, Defendant in Error.

*Opinion filed April 16, 1937.*

HAROLD L. LEVY, and CARL A. MELIN, for plaintiffs in error.

OTTO KERNER, Attorney General, MARTIN E. O'CONNOR, State's Attorney, and A. B. DENNIS, for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

George Biggs and Joseph J. Acerra, hereinafter called relators, have sued out this writ of error to review judgments of the circuit court of Henry county dismissing their *habeas corpus* petitions and remanding them to the custody of Charles Nash, sheriff of that county. The cases were consolidated in the trial court and no complaint is made against the review of the two judgments by a single writ of error.

Relators were arrested by defendant in error, the sheriff of Henry county, on rendition warrants of the Governor of Illinois issued on the requisitions of the Governor of Iowa. Pursuant to section 2 of "An act to revise the law in relation to fugitives from justice," (State Bar Stat. 1935, chap. 60, par. 2, p. 1714; 60 S. H. A. 2;) the sheriff produced the said relators before the circuit court, where they filed sworn petitions for writs of *habeas corpus* setting forth, as grounds of discharge, that they were not the persons named in the Governor's warrants; that the requisitions and papers were not in regular and legal form; that they were not substantially charged with crimes against the

laws of the State of Iowa, and were not fugitives from the justice thereof. The writs were issued in each case and defendant in error made return that he had custody and control of each relator by virtue of the Governor's rendition warrants issued on October 6, 1936, charging each relator with the crime of assault with intent to commit murder, in Greene county, Iowa, on or about September 30, 1936. In each case a copy of the warrant and the return thereon was annexed to the return. In both cases the court ordered the allegations of the original petitions to stand as a traverse to the return of the sheriff. On the hearing relators offered in evidence the requisitions of the Governor of Iowa, reciting that each relator stood charged, by information and warrant, with the crime of assault with intent to commit murder and requesting his delivery to the agent of that State. Relators also offered in evidence the informations which accompanied the requisitions. Each information was verified by the county attorney of Greene county, Iowa, in the manner prescribed by the statutes of his State. (Code of Iowa, 1935, sec. 13674.) On behalf of the sheriff the Governor's rendition warrants were offered in evidence. No oral testimony was heard.

Relators argue two points to obtain a reversal of the judgments denying their petitions. They contend that there is no evidence to show that they were the persons charged in the demanding State, and that the burden of proving that fact is on the sheriff. They also insist that the affidavit annexed to each information is insufficient because it was made on information and belief, and was not such that a prosecution for perjury could be grounded thereon, if false.

The Governor's rendition warrant makes a *prima facie* case against the prisoner. (*People* v. *Meyering,* 358 Ill. 589, 593.) Relators were required to rebut the *prima facie* case made by the warrants and show that they were not the persons named in the warrants. Their sworn petitions

were not evidence and there is no oral testimony in the record. For all that appears their contention in this regard is made here for the first time. Moreover, the identity of names gives rise to a presumption that relators are the persons named in the Governor's rendition warrants. (*People* v. *Schanda,* 352 Ill. 36, 47; *People* v. *Lawson,* 331 id. 380.) Affirmative evidence would be required to overcome this presumption, and since none was offered on the question of identity, the *prima facie* case made by the Governor's rendition warrants was not overcome, and relators were not entitled to be discharged.

The informations, and the affidavits attached thereto, were all signed by the county attorney of Greene county, Iowa. It is contended that our Governor could not consider these affidavits because their authenticity was not certified to by the Governor of Iowa. Each affidavit is annexed to its respective information and is a part thereof. It is insisted that the affidavits are defective, because they are upon information and belief, but we have pointed out that the affidavits were in the form prescribed by the Iowa statute. We have not been directed to any authority holding that such a verification is insufficient. *Murphy* v. *Murphy,* 189 Ill. 360, 366, relied on by relators is not in point. In *People* v. *Smith,* 352 Ill. 496, 500, we refused to pass on the verification of an information in an extradition proceeding, saying that the sufficiency of an indictment or information, as a matter of technical pleading, cannot be questioned in extradition proceedings. Under the constitution each State was left with full control over its criminal procedure, (*Matter of Strauss,* 197 U. S. 324,) and the affidavits, which followed the Iowa statute, are sufficient.

There being no error in the record, the judgments are affirmed.

*Judgments affirmed.*