(No. 25084.—)

THE PEOPLE *ex rel.* C. B. MORTENSEN, Plaintiff in Error, *vs.* THOMAS D. O'BRIEN, Sheriff, *et al.* Defendants in Error.

*Opinion filed April 19, 1939.*

THOMAS J. MCCORMICK, for plaintiff in error.

352

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for defendants in error.

Mr. JUSTICE JONES delivered the opinion of the court:

C. B. Mortensen was arrested on a warrant issued under a requisition of the Governor of the State of Iowa. He filed a petition in the criminal court of Cook county for a writ of *habeas corpus*. A return was made by the sheriff and, upon a hearing, the petition was dismissed and Mortensen was remanded to the custody of the sheriff. He has prosecuted a writ of error to review the proceedings.

The warrant charges that Mortensen committed a crime in Scott county, Iowa, on May 25, 1938, by issuing a false check. The check in controversy is for $20.71, on the First National Bank and Trust Company of Minneapolis, Minnesota, payable to the order of the St. James Hotel, which is located in the city of Davenport, Scott county, Iowa. The grounds claimed for reversal are that the affidavit in support of the Governor's warrant does not charge a crime and is insufficient to support the warrant; that Mortensen was not in the State of Iowa on May 25, 1938; that his undisputed testimony on that question overcomes the *prima facie* case made by the Governor's warrant; that respondents failed to show relator was in the State of Iowa on the date alleged and that he is the identical person named in the warrant, and that there is no evidence to show he committed the crime charged, that he signed the check, or that the check was fraudulent.

On the hearing, relator identified a Western Union Telegraph Company receipt to him for money, dated Port Huron, Michigan, "5/25/1938," and testified he received it there on wiring money to a certain point, and that he was not in the city of Davenport or in the State of Iowa on May 25. He further testified he had been employed by

the H. A. Montgomery Company oil dealers, of Detroit, Michigan, with title of sales manager or district manager, and had eleven salesmen working for him, and that he had been once at the St. James Hotel in Davenport, calling on salesmen, but did not remember the approximate time. He said the signature on the check looked like his and did not deny he signed it.

The arresting officer, a Chicago policeman, testified that relator told him he had been in Iowa and had stopped in a hotel in Davenport the latter part of May, 1938; that he gave the hotel a check intending to make it good, and sent a man there for that purpose, but guessed the man did not do so. Relator did not deny, in any particular, the testimony of the officer.

The affidavit upon which the extradition proceedings are based is not abstracted and does not appear in the record. Nor is it in any way pointed out wherein the affidavit fails to charge a crime. The Governor's warrant makes a *prima facie case* and the burden is upon the prisoner to prove he is entitled to discharge. (*People* v. *Martin,* 357 Ill. 109.) If he desires this court to take cognizance of an alleged fatal discrepancy in the proceedings it is incumbent upon him to include the questioned document in the record and abstract and to point out the alleged insufficiency for the consideration of the court. It is not our duty to search the record or consider extraneous matters for something to overcome the *prima facie* case made by the warrant. The claim that the affidavit does not charge a crime cannot be considered.

Relator was likewise required, under the *prima facie* case made by the Governor's rendition warrant, to show he was not the person therein named. The identity of names gives rise to a presumption that he is the person mentioned in the warrant. (*People* v. *Nash,* 366 Ill. 186; *People* v. *Schanda,* 352 id. 36; *People* v. *Lawson,* 331 id. 380.) Affirmative evidence would be required to overcome this

presumption, and since none was offered on the question of identity the *prima facie* case made by the warrant was not overcome and relator was not entitled to be discharged on the ground that he was not the person named in the warrant. (*People* v. *Nash, supra.*) Moreover, the testimony of the arresting officer tends to show relator is the person named in the warrant.

Under section 2 of the Fugitives from Justice act (Ill. Rev. Stat. 1937, chap. 60, par. 2) one of the defenses that can be made against extradition is that the prisoner is not a fugitive from justice—that is, that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged is alleged to have been committed. (*People* v. *Meyering,* 345 Ill. 598; *People* v. *Traeger,* 340 id. 147; *Hyatt* v. *New York,* 188 U. S. 691.) The prosecution is not confined to the precise date alleged as the date of the commission of the crime. Where the evidence tends to show the crime was committed about the alleged date and that the prisoner was in the demanding State at the time it was committed, he is not entitled to be discharged. (*People* v. *Wirz,* 349 Ill. 80.) When it appears the accused was in the demanding State in the neighborhood of the time alleged it is sufficient for extradition. (*Strassheim* v. *Daily,* 221 U. S. 280.) In this case the relator did not testify he was not in the State of Iowa shortly before or shortly after May 25, 1938, and the uncontradicted testimony of the arresting officer shows that relator told him he was at the St. James Hotel in Davenport during the latter part of that month and gave the hotel a worthless check. The question to be tried under a writ of *habeas corpus* is whether there is any competent evidence that the prisoner is a fugitive from justice. If there is, the court will not weigh evidence or try the case. The court will not discharge one arrested under a Governor's warrant where the evidence on the fact of the presence or absence from the demanding State is merely contradictory.

*Habeas corpus* is not the proper proceeding to try the question of an alibi or any question as to the guilt or innocence of the accused. (*People* v. *Jeremiah,* 364 Ill. 274; *People* v. *Meyering,* 356 id. 210; *People* v. *Meyering,* 349 id. 198.) While the evidence here does not show relator was in the demanding State on the precise date alleged, it tends to show the crime was committed about that time and that he was then in the city of Davenport. There is no dispute about this. Under the authorities cited this was sufficient for extradition. Cases holding that a prisoner is entitled to discharge where the Governor's warrant names a specific date as to the commission, or time of commission, of the offense, and on the hearing it is proved the prisoner was not in the demanding State on that date, and there is no proof or offer of proof that the crime was in fact committed on some other date nor any evidence tending to show the prisoner was then in the demanding State, have no application here.

The questions of the guilt or innocence of the relator or whether the check was fraudulent are not cognizable in this proceeding. *People* v. *Meyering,* 356 Ill. 210.

The judgment of the criminal court of Cook county remanding relator to the sheriff was correct, and is affirmed.

*Judgment affirmed.*