(No. 25685.—

THE PEOPLE *ex rel.* Arthur J. Thompson, Appellant, *vs.* THOMAS LONIE, Chief of Police, Appellee.

*Opinion filed October 11, 1940.*

Shaw, J., specially concurring.

Kramer, Campbell, Costello & Wiechert, for appellant.

Louis P. Zerweck, State's Attorney, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

Arthur J. Thompson was arrested as a fugitive from justice by the authority of a governor's warrant issued upon the demand of the Governor of New Jersey. Seeking relief from his detention, he filed a petition in the circuit court of St. Clair county for a writ of *habeas corpus*. A hearing upon the petition resulted in its dismissal and Thompson, the relator, was remanded to the custody of the chief of police of Belleville. The relator prosecutes this appeal.

From the warrant of the Governor of this State, introduced in evidence, it appears that the relator was charged with desertion in Essex county, New Jersey, on September 1, 1934, an offense which the Governor of New Jersey certifies to be a crime under the laws of that State. The re-

lator testified that in 1932 he left New Jersey, his former residence, where he had lived with his wife, and came to Belleville where he had resided for approximately eight years prior to the day of the hearing; that he returned to New Jersey in the early fall of 1933, remaining until July, 1934, and that, following his extended absence, he arrived in Belleville, July 22. According to the relator he did not live with his wife at any time subsequent to their separation in 1932 and no charge was pending against. him when he originally came to Illinois. He testified, further, that he was not in New Jersey at any time from July, 1934, to May, 1935.

The sole contention requiring consideration is that the relator is not a fugitive from the justice of New Jersey. The fourth paragraph of section 2 of our statute in relation to fugitives from justice (Ill. Rev. Stat. 1939, chap. 60, sec. 2, p. 1729,) provides that a person charged with a crime in another State, when his extradition from this State is sought, may avail himself of the defense, among others, that he "is not a fugitive from the justice of the demanding State,—i. e., that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged, is alleged to have been committed." The recitals in the rendition warrant of the Governor for the arrest of an alleged fugitive from justice make a *prima facie* case against him, and the burden rests upon him to prove that he is entitled to discharge. (*People* v. *O'Brien,* 371 Ill. 351; *People* v. *Meyering,* 358 id. 442; *People* v. *Munie,* 354 id. 490; *People* v. *Wirz,* 349 id. 80.) The court will not discharge a person arrested as a fugitive under a Governor's warrant where the evidence relating to his presence in or absence from the demanding State when the crime was committed is merely contradictory. (*People* v. *Jeremiah,* 364 Ill. 274; *People* v. *Meyering,* 349 id. 198.) Nor will he be discharged merely because he submits evidence on the defense of an alibi which is not directly con-

troverted. (*People* v. *Bell*, 372 Ill. 572.) The prosecution is not confined to the precise date alleged as the date of the commission of the crime, and where the evidence tends to show the crime was perpetrated about the alleged date and that the prisoner was in the demanding State either at that time or in the neighborhood of the time alleged, it is sufficient for extradition and he is not entitled to be discharged. *People* v. *O'Brien, supra; People* v. *Wirz, supra.*

The charge made in the warrant for the extradition alleges that the crime of desertion was committed on September 1, 1934. Admittedly, the relator is a former resident of New Jersey where he lived with his wife until 1932. He testified that he then came to Belleville where he claims to have since established his residence and that, thereafter, he made a prolonged visit to New Jersey, returning to Belleville in July, 1934. His uncorroborated testimony in this respect is not contradicted and it may be conceded that, so far as the record discloses, he was not in the State of New Jersey on September 1, 1934. From his own testimony, construed most favorably to the relator, it affirmatively appears, however, that he was physically present in the demanding State, approximately one month prior to the date of the offense charged against him. This testimony clearly fails to show that he was not present in the State where the crime was committed "on or about the date upon which the offense with which he is engaged, is alleged to have been committed." The relator has failed to overcome, by competent evidence, the *prima facie* case made by the Governor's rendition warrant that he is a fugitive from justice.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHAW, specially concurring: I agree with the conclusion but not with all the reasoning of this opinion.