NOTTER *v*. BEASLEY, SHERIFF OF VIGO COUNTY.

[No. 29,807. Filed April 27, 1960. Rehearing denied
June 24, 1960.]

632

John A. Kesler, of Terre Haute, for appellant.

Leonard P. Kincade, of Terre Haute, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment denying a petition for a writ of habeas corpus. The appellant was arrested and held as a fugitive from a charge pending in the State of Oklahoma for larceny of an automobile. The amended return of the sheriff set forth that he held an extradition warrant for the arrest of the appellant, Hubert Notter, duly executed by the Governor of the State of Indiana, and further stated that the appellant had signed a written waiver of the extradition proceedings and agreed to return to the State of Oklahoma in the custody of officers of that

state. The appellant filed exceptions to the amended return and an answer in two paragraphs, stating that he was not the one named in the warrant and was not the person charged with the crime in the State of Oklahoma. The exceptions also pointed out that no copy of the warrant was filed with the amended return of the sheriff as provided under §3-1914, Burns' Indiana Statutes, 1946 Replacement, Acts 1881, Spec. Sess., ch. 38, §787, p. 240. *Martin* v. *Newland, Sheriff* (1925), 196 Ind. 58, 147 N. E. 141; *West, et al.* v. *McKeon* (1953), 232 Ind. 403, 113 N. E. 2d 45.

Appellant's motion for a new trial, which was overruled, contended that the court erred on the ground that the decision was not sustained by sufficient evidence and was contrary to law. Error was further claimed by reason of the admission of certain evidence, including a picture of the appellant introduced for the purposes of identification.

The appellant points out under the claim of insufficiency of evidence that at the trial no extradition warrant issued by the Governor of the State of Indiana, as provided by statute, was introduced in the evidence or reference made thereto during the trial.

In reviewing a judgment on appeal it is our duty to sustain the action of the trial court, if it can be done on any legal grounds shown by the record. The finding herein must be considered as a general finding for the appellee (defendant-sheriff). Supreme Court Rule 1-7B; *Roney* v. *Rodgers, Sheriff* (1921), 190 Ind. 368, 130 N. E. 403.

The appellant's brief deals in the main with the failure on the part of the appellee to place in evidence the extradition warrant of the Governor of the State of Indiana. Although the better practice would have been to have introduced the extradition warrant in evidence,

in view of our duty in the respect stated above, we find it unnecessary to consider this failure or oversight.

The return pleaded and the appellant admits the execution of the following waiver:

## "DEFENDANT'S EXHIBIT 2

## "WAIVER OF EXTRADITION

"I, Hubert Gordon Notter, 35 years of age, hereby freely and voluntarily certify and state that I have been duly informed of the demand made by the County of Tillman in the State of Oklahoma for my surrender and of the crime with which I am charged, to-wit: Larceny of an Automobile and that I have been informed of my right to demand legal counsel and to test the legality of my arrest and of my right to apply for a writ of habeas corpus and having been fully informed as to the above matters and not desiring to test the legality of my arrest and not desiring to institute a habeas corpus proceeding, I do now expressly waive all such rights and agree to accompany any duly authorized officer of the State of Oklahoma as a prisoner from Terre Haute, Indiana, to the State of Oklahoma, for the purpose of answering a charge of Larceny of an Automobile and I further agree and hereby waive all formalities and acknowledge my willingness to return to the State of Oklahoma without any governor's requisition or other papers legally necessary in such case and expressly waive, freely and voluntarily all and any of such matters or rights.

"Dated and signed at Terre Haute, Indiana, this 11th day of February, 1959.

"WITNESS      John O'Leary

"WITNESS      James F. Murphy

"Hubert G. Notter"

It is a well recognized principle of law, which scarcely needs citation of authority, that a party to an action

whether civil or criminal, may waive certain constitutional rights in the proceedings; among them the right to a jury trial, the right against self-incrimination, (taking the witness stand or signing confessions) to mention but a few that arise frequently in the course of litigation or a trial.

In the case of *Brown* v. *State* (1941), 219 Ind. 251, 261, 37 N. E. 2d 73, this Court said:

"The constitutional provision relied on by the appellant is found in the Bill of Rights, that portion of our Constitution which guarantees certain rights and privileges to the individual. This same section which guarantees to the individual accused of crime the right to a public trial in the county in which the offense shall have been committed, also provides that the accused shall have the right to a trial by jury, the right to be heard by himself and counsel, the right to demand the nature and the cause of the accusation against him and to have a copy thereof, and the right to meet witnesses face to face. All of these rights guaranteed by this section of the Constitution are solely for the benefit of the accused. Ordinarily, an individual may waive any right provided for his benefit by contract, by statute, or by the Constitution. So, a person prosecuted for a crime may waive the rights guaranteed to him by Section 13, Article 1 of the Constitution of Indiana. *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773; *Butler* v. *State* (1884), 97 Ind. 378; *Murphy* v. *State* (1884), 97 Ind. 579.

"It will not be contended that a person accused of crime may not waive his right to a trial by jury, his right to be heard by himself and counsel, or his right to meet the witnesses face to face. He waives his right to meet the witnesses face to face by taking their depositions to be read on the trial. *Butler* v. *State, supra.* He may waive his right to trial by jury and agree to trial by the court. *Murphy* v. *State, supra.* He may waive his right to be heard by himself and counsel. He may waive his right to a trial as to his guilt by pleading guilty. . . ." *State ex rel. Fox, etc.* v. *LaPorte Cir. Ct. et al.* (1956),

236 Ind. 69, 138 N. E. 2d 875; *Shoemaker* v. *Dowd, Warden* (1953), 232 Ind. 602, 115 N. E. 2d 443; *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178; *Spitler* v. *State* (1943), 221 Ind. 107, 46 N. E. 2d 591; *Ogle* v. *State* (1920), 193 Ind. 187, 127 N. E. 547.

Whether the execution of the waiver was a free and voluntary act could have been questioned and challenged in the trial court in the same manner that a written confession may be contested. The appellant made no contention that the waiver was signed under duress, threats or was obtained in an unlawful manner. The appellant, on the witness stand, admitted the execution of the instrument.

In oral argument, however, his attorneys contended appellant had the privilege of reneging or revoking such a waiver, and that he did this by filing the petition for habeas corpus. We first point out that the petition was not filed by the appellant but rather by his wife. It would be a far-fetched conclusion to say that a wife may intervene and revoke or renege on any waiver made by a husband in the course of a trial. A party has no privilege after waiving a right in a legal proceeding to revoke or withdraw the waiver without the consent of the party to whom made. We have never known of a case and none has been pointed out to us in which a defendant has waived his constitutional privilege against self-incrimination and made a voluntary confession, and the court has then permitted him to withdraw the confession on the ground that he desires to revoke the constitutional privilege waived in making the confession. The uncertainty created if such vacillation were permitted would result in trifling with the judicial processes.

The evidence at the trial centered mainly upon the

issue of the alibi of the appellant and his identity. An alibi is not a proper issue in such proceedings for extradition unless it relates directly and primarily to the issue of identity. The guilt or innocence of a fugitive is a question to be determined in the demanding state and not in a habeas corpus proceeding in this state. Acts 1935, ch. 49, §20, p. 134, being §9-438, Burns' 1956 Replacement; *Johnson* v. *Burke* (1958), 238 Ind. 1, 148 N. E. 2d 413; *Taylor* v. *Smith* (1938), 213 Ind. 640, 13 N. E. 2d 954; *Ex parte Germain* (1927), 258 Mass. 289, 155 N. E. 12, 51 A. L. R. 789; 25 Am. Jur., Habeas Corpus, §73, p. 200.

The appellant finally contends that hearsay evidence was improperly introduced over his objections on the issue of identity. In substance, the evidence came from the officer as a witness who arrived to return the appellant to Oklahoma. He referred to a photograph of the defendant which he said was identified by persons in the State of Oklahoma who claim to have seen the appellant steal the automobile in question. This witness stated that such persons identified the picture (defendant's exhibit 4) as the picture of the man wanted in the State of Oklahoma and against whom the charge was there pending. The appellant, in opposition to the introduction of this photograph, relies upon the general principles excluding hearsay evidence, but offers no specific case in point. Appellant further generalizes without setting out any specific questions and the objections made to alleged hearsay in the argument section of his brief. Appellee complains that he is unable to determine from this section of appellant's brief what particular question or objection is in issue. *Sinks, Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563; *Poore* v. *Poore* (1955), 125 Ind. App. 392, 125 N. E. 2d 810. We are inclined to agree with appellee with

respect to claimed error in the admission of testimony not specifically set out with the objections thereto. However, we believe appellant has been sufficiently specific as to his objections with reference to the introduction of the exhibit 4 (defendant's photograph).

A proper issue in a habeas corpus proceeding concerned with interstate extradition of a fugitive from justice is the identity of the petitioner with that of the fugitive. The appellant in this case was entitled to and did raise the issue of identity. The question then arises: what is competent evidence on the part of the sheriff or other law enforcement officers holding the petitioner on the issue of identity with that of the fugitive from another state?

Wigmore classifies extradition proceedings with that of other special or statutory proceedings of a summary nature which are not criminal in nature, in which the strict rules of evidence known to the common law are not applicable. He places within this category interlocutory, grand jury, disbarment, administrative and extradition proceedings, to mention but a few, and says:

"(6) *Extradition.* For the same reasons of principle, extradition proceedings are not governed in strictness by the jury trial rules of Evidence. Moreover here the additional reason obtains that the evidence is brought from outside the jurisdiction, and the procurement of evidence is too likely to be hampered by the lack of power or practicability, as well as by the possible differences of law in another system." 1 Wigmore on Evidence, 3rd Ed. §4(6), p. 24.

In 39 C. J. S., Habeas Corpus, § 39a, p. 548, it is said:

"In construing the evidence in habeas corpus proceedings, the court is not to be governed by the technical rules as in the case of a trial for a crime but is to regard it liberally in favor of the demanding State."

In line with such authority it was held in *Letwick* v. *State* (1947), 211 Ark. 1, 198 S. W. 2d 830, that it was proper in a habeas corpus proceeding involving extradition to introduce in the evidence for the purpose of identification, photographs which the officer from the requesting State stated had been identified "as the photographs of the person accused in Colorado" of the crime charged, although "he did not testify that he personally knew Levine (the petitioner)." We concede this is hearsay testimony, as did the Supreme Court in the instant case, but the appellant is not on trial for the commission of the offense in this State. In fact, the issue of his guilt or innocence is not in question here and the constitutional provision that he is entitled to be confronted with the witnesses against him for cross-examination is not applicable. If and when appellant is tried for the crime charged in the State of Oklahoma, he will be entitled to be confronted by the witnesses there who seek to identify him. It is there that his identity must be proved beyond a reasonable doubt—not here. We are sustained in the position we take here by an almost unanimous weight of authority.

The United States Supreme Court has said: "Strict common law evidence is not necessary" in proceedings of the character here. *Munsey* v. *Clough* (1905), 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515, 517.

In the Lindbergh kidnapping case, *People ex rel. Hauptmann* v. *Hanley* (1934), 153 Misc. 61, 274 N. Y. S. 813, p. 822, it is said:

"We are not to be governed by technical rules as in the case of a trial for a crime. . . ." See also: 25 Am. Jur., Habeas Corpus, §72, p. 198.

In the following cases affidavits as well as photographs were used for the purpose of identification and

held competent: *United States ex rel. Austin* v. *Williams*, 6 F. 2d 13 (D. C. E. D. La. 1925); *Rafferty* v. *Bligh*, 55 F. 2d 189, 195 (1st Cir. 1932); *Ex Parte Romano*, 40 F. 2d 750 (D. C. S. D. Calif. 1930); *Lewis* v. *Johnston, Warden*, 112 F. 2d 451 (9th Cir. 1940); *Barrett* v. *Bigger*, 17 F. 2d 669 (D. C. Cir. 1926), Cert. Den. 247 U. S. 752, 47 S. Ct. 765, 71 L. Ed. 1333.

In the execution of the waiver of objections to extradition the petitioner signed and used the same name as the person requested by the demanding state, and so far as we can find from the evidence, made no contention that he bore any name other than that used by the demanding State of Oklahoma for identification.

It is generally held that the burden of going forward with evidence as to identity shifts to the prisoner where the prima facie case of identity is made out as by ▇ a presumption which arises from the identity of the names used. There is no question of an alias or assumed name in this case. 39 C. J. S., Habeas Corpus, §39a, p. 552.

Where the evidence shows that the name of the person requested by the demanding state is the same as that of the petitioner, a prima facie case of ▇ identity is made out and the burden is upon the petitioner to overcome this rebuttable presumption by affirmative evidence. *The People ex rel. Mortensen* v. *O'Brien, Sheriff* (1939), 371 Ill. 351, 20 N. E. 2d 782; *People ex rel. Biggs* v. *Nash* (1937), 366 Ill. 186, 8 N. E. 2d 359; *The People* v. *Schanda* (1933), 352 Ill. 36, 185 N. E. 183; *Hart* v. *Mount* (1943), 196 Ga. 452, 26 S. E. 2d 453; *Cook* v. *Rodger, Sheriff* (1939), 215 Ind. 500, 20 N. E. 2d 933.

The Court committed no error in the admission of

the photographs in question and there was sufficient evidence to sustain the finding and judgment of the trial court.

The judgment is affirmed.

Landis, J., concurs.

Achor, J., concurs in result.

Jackson and Bobbitt, JJ., dissent.

NOTE.—Reported in 166 N. E. 2d 643.