WILLIAM TOLES *v.* ELMER SOKOL.

[No. 969S217. Filed April 8, 1971. No petition for rehearing filed.]

*Edward Olczak,* of South Bend, for appellant.

*Guy McMichael,* Deputy Prosecuting Attorney, of South Bend, *Theodore L. Sendak,* Attorney General, *Kenneth M. McDermott,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a judgment by the St. Joseph County Superior Court, Division 1 denying a petition for writ of habeas corpus against an arrest warrant issued by the Governor of Indiana in extradition proceedings initiated by the State of Illinois.

On April 9, 1969, appellant was charged in Illinois with car theft. The Governor of Indiana issued the warrant on June 18, 1969, pursuant to I.C. 1971, 35-4-3-8, being Burns § 9-425. On June 23, 1969, appellant filed his verified petition for Writ of Habeas Corpus against the St. Joseph County Sheriff. The writ was immediately granted and hearing on the matter was set for Friday, June 27, 1969. On June 27th, the Sheriff made an oral return and filed the Indiana Governor warrant alone with the Illinois requisition papers. The record also shows that on June 27th an amended written return was filed. At appellant's request the hearing was continued to Monday, June 30th.

On June 30, 1969, the appellant filed a motion for change of venue from the judge which was denied on the ground it was not timely filed. Appellant then filed two affidavits which alleged certain facts intended to controvert the Sheriff's return. The trial court held a hearing and determined that appellant was to be turned over to the Illinois authorities for extradition.

Appellant's first contention is that the trial court erred in denying his motion for change of venue from the judge on the grounds that it was not timely filed. Appellant relies

on paragraph two of what was at that time entitled Supreme Court Rule 1-12B[1], which read:

> "2. In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits."

Appellant argues his motion for change of judge was timely within the meaning of that rule. However, appellant has overlooked paragraph seven of that same rule which read:

> "7. Provided further, a party shall be deemed *to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a party may ask for a change,* evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court." (Emphasis added.)

In this case the trial court set the cause for trial *twice* without any objection from appellant. On June 23rd, the trial court set June 27th, as the date the appellee was to make his return to the writ which would ordinarily invoke the only kind of trial known in a habeas corpus proceeding. Appellant did not at any time object to this setting. On June 27th, the record of the trial court's order book entries shows that the appellee made his return and further reads: "And now at the request of the plaintiff, hearing is continued to June 30, 1969 at 2:00 p.m." Thus the trial court set the trial a second time and appellant not only did not object but he was the one who requested the setting.

If appellant had first obtained knowledge of the cause for change after the trial had been set he could have invoked paragraph eight of Rule 1-12B which reads:

---

1. The rule is now Rule TR. 76, Indiana Rules of Procedure.

"8. Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion."

Appellant did not attempt to come within that paragraph. We hold appellant waived his right to a change of venue from the judge by not objecting to the setting of the cause for trial.

Appellant's second contention is that there was insufficient evidence to sustain the trial court's determination that appellant should be turned over to the Illinois authorities for extradition to that state. Specifically appellant argues that there was insufficient evidence that he was the person named in the Governor's warrant.

The Governor's warrant named William Toles as the person sought to be arrested and appellant admitted his name was William Toles. All of the Illinois requisition papers used the name William Toles. The affidavit of the victim, Maurice Record, charges the auto theft to William Toles. The Illinois arrest warrant even states his address to be 2901 Western Avenue, South Bend, Indiana, where appellant did in fact operate a used car lot. The stolen car was recovered on May 4, 1969, by the Chicago police from Eddie Brown, who was driving the car without license plates. Brown told the police he bought the car from his cousin William Toles who owned a used car lot at 2901 Western Avenue in South Bend, Indiana. Brown said he had just purchased the car and there was some mixup on the title and as a result he had been unable to procure the plates. Appellant admitted he operated a used car lot at 2901 Western Avenue in South

Bend. In *Notter* v. *Beasley* (1960), 240 Ind. 631, 166 N. E. 2d 643, this Court said:

> "Where the evidence shows that the name of the person requested by the demanding state is the same as that of the petitioner, a prima facie case of identity is made out and the burden is upon the petitioner to overcome this rebuttable presumption by affirmative evidence." 240 Ind. at 640.

Appellant's evidence to overcome this presumption was presented by two witnesses. Appellant testified that he was not in Illinois on April 2, the date of the crime and he gave an alibi in order to show he was not the William Toles named in the warrant.

In *Notter* v. *Beasley, supra,* this Court said:

> "The evidence at the trial centered mainly upon the issue of the alibi of the appellant and his identity. An alibi is not a proper issue in such a proceedings for extradition unless it relates directly and primarily to the issue of identity. The guilt or innocence of a fugitive is a question to be determined in the demanding state and not in a habeas corpus proceeding in this state." 240 Ind. at 636.

Appellant's denial that the was in Illinois on April 7, and his alibi only related to identity *indirectly:* If appellant *was not* in Illinois on April 7, then there must be some mistake. The evidence shows that there is no real issue of misidentity here.

Appellant's attorney then testified that he had talked to the victim Maurice Record who had stated that contrary to what he had stated in his affidavit, he did not know William Toles and did not know that he was in Chicago, Illinois on April 7. The attorney's statement concerning what the victim allegedly said in an unsworn statement to the attorney is not sufficient to impeach the sworn affidavit by that same victim included in the Illinois requisition papers.

We hold that the trial court did not err in holding that there was sufficient evidence that appellant was the person named in the Governor's warrant and in ordering appellant turned over to the Illinois authorities.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 71.