PEOPLE of the STATE OF ILLINOIS, ex rel. Russell SMITH, Relator,

v.

Richard ELROD, Respondent.

No. 80C6786.

United States District Court, N. D. Illinois, E. D.

April 3, 1981.

Rick Schoenfield, Joseph A. Ettinger & Associates, Ltd., Chicago, Ill., for relator.

Elmer Kissane, Asst. State's Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Petitioner Russell Smith ("Smith") is the subject of an extradition warrant issued by Illinois Governor James Thompson as the result of an extradition request by the State of Tennessee. Smith has petitioned for a writ of habeas corpus and respondent Richard Elrod ("Elrod"), the Cook County Sheriff, has moved to dismiss. For the reasons stated in this memorandum opinion and order, Elrod's motion to dismiss is denied and Smith's petition is granted.

Smith is accused of committing an armed robbery in Tennessee November 12, 1974. Smith filed a habeas corpus petition in the Circuit Court of Cook County alleging several defects in the extradition proceeding. That petition was denied at the trial court level and the result was affirmed on appeal 85 Ill.App.3d 1198, 46 Ill.Dec. 275, 413 N.E.2d 1388 (No. 79–1245, 1st Dist. July 25, 1980). Smith's petition for a rehearing of the Illinois Appellate Court decision was denied and a petition for leave to appeal to the Illinois Supreme Court was also denied (No. 53979).

■ Only one issue is raised by Smith's federal petition: Smith contends that he was not in the State of Tennessee November 12, 1974. Extradition under both the federal and Illinois statutes is appropriate only when a person is a fugitive from justice in another state. 18 U.S.C. § 3182; Ill.Rev.Stat. ch. 60, § 19. It is hornbook law that a person not in the state at the time of the alleged crime (at least as to crimes requiring physical presence) cannot be a fugitive from justice. *Moncrief v. Anderson*, 342 F.2d 902, 904 (D.C.Cir.1964).

■ When an extradition proceeding is challenged on that ground, the government's submission of valid extradition papers constitutes a prima facie case. That shifts the burden to the petitioner to prove beyond a reasonable doubt that he was not in the state at the time of the alleged crime. *United States ex rel. Grano v. Anderson*, 318 F.Supp. 263 (D.Del.1970), aff'd, 446 F.2d 272 (3d Cir. 1971). If the extradition papers state a specific date on which the crime was committed, the petitioner need prove only that he was not in the state *on that specific date. Hyatt v. New York ex rel. Corkran*, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657 (1903).

■ This Court's review of the Circuit Court of Cook County proceeding reveals that the trial judge applied an incorrect legal standard. At the hearing the trial judge found that the evidence demonstrated that Smith was in the State of Illinois continuously from October 25, 1974 until well after the date of the alleged crime (see for example Tr. 19–20).[1] That finding should have been sufficient to grant Smith's petition for a writ of habeas corpus.

But the judge held as a matter of law that evidence showing presence in the jurisdiction where the alleged crime was committed *within a reasonable proximity of the time* mentioned in the extradition documents is enough to require extradition (Tr. 36). For that purpose the trial court relied mistakenly on three cases: *People ex rel. Mortensen v. O'Brien*, 371 Ill. 351, 20 N.E.2d 782 (1939); *People ex rel. Moore v. Wirz*, 349 Ill. 80, 181 N.E. 641 (1932); *Strassheim v. Daily*, 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735 (1911).

■ Both Illinois cases stand for a quite different proposition: If a petitioner demonstrates that he was not in the state at the time mentioned in the extradition papers, the state may then produce evidence to

---

1. All "Tr." references are to the transcript of the March 22, 1979 Circuit Court hearing.

show that the crime was not committed on the specific date mentioned in the extradition papers. Indeed in *Mortensen*, 371 Ill. at 355, 20 N.E.2d 782, the Court distinguished the precise situation posed by Smith in the present action:

> While the evidence here does not show relator was in the demanding State on the precise date alleged, it tends to show the crime was committed about that time and that he was then in the city of Davenport. There is no dispute about this. Under the authorities cited this was sufficient for extradition. Cases holding that a prisoner is entitled to discharge where the Governor's warrant names a specific date as to the commission, or time of commission, of the offense, and on the hearing it is proved that the prisoner was not in the demanding State on that date, and there is no proof or offer of proof that the crime was in fact committed on some other date nor any evidence tending to show the prisoner was then in the demanding State, have no application here.

In *Strassheim* the petitioner had committed a culpable act that came to fruition only after he was out of the state. Under those circumstances the Supreme Court held that he was still a fugitive from justice because he *was* in the state at the time he committed the culpable act, 221 U.S. at 285, 31 S.Ct. at 560:

> [W]e think it plain that the criminal need not do within the State every act necessary to complete the crime. If he does there an overt act which is and is intended to be a material step toward accomplishing the crime, and then absents himself from the State and does the rest elsewhere, he becomes a fugitive from justice, when the crime is complete, if not before. [citing cases] For all that is necessary to convert a criminal under the laws of a State into a fugitive from justice is that he should have left the State after having incurred guilt there, *Roberts v. Reilly*, 116 U.S. 80 [6 S.Ct. 291, 29 L.Ed. 544], and his overt act becomes retrospec-

tively guilty when the contemplated result ensues.

Thus no authority has been advanced for the proposition that a petitioner must do more than demonstrate that he was not in the jurisdiction of the alleged crime on the specific date mentioned in the extradition papers. In fact the Supreme Court has explicitly stated in *Hyatt*, 188 U.S. at 711–12, 23 S.Ct. at 459:

> In the case before us it is conceded that the relator was not in the state at the various times when it is alleged in the indictment that the crimes were committed, nor until eight days after the time when the last one is alleged to have been committed. That the prosecution on the trial of such an indictment need not prove with exactness the commission of the crime at the very time alleged in the indictment is immaterial. The indictments in this case named certain dates as the times when the crimes were committed, and where in a proceeding like this there is no proof or offer of proof to show that the crimes were in truth committed on some other day than those named in the indictments, and that the dates therein named were erroneously stated, it is sufficient for the party charged to show that he was not in the State at the times named in the indictments . . . .

Accordingly, had the trial judge applied the proper legal standard he should have granted the writ of habeas corpus based on his own findings of fact.

This Court's inquiry—and this opinion—would end here were it not for the opinion of the Illinois Appellate Court, which stated:

> The record shows the trial court was thoroughly familiar with these principles and properly applied them to the circumstances here. Further, as here, we do not believe that based on the witnesses' credibility it can be said that the plaintiff proved beyond all reasonable doubt that he was not in the demanding State at the time of the armed robbery.

Though the last sentence is not a model of clarity,[2] it appears that the Appellate Court may have undertaken its own examination of the record and concluded, unlike the trial judge, that petitioner had not proved beyond a reasonable doubt that he was not in the State of Tennessee on November 12, 1974.

■ Earlier this year in *Sumner v. Mata*, —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), the Supreme Court examined the effect of a factual finding by a state appellate court under 28 U.S.C. § 2254(d)(8).[3] It held that Section 2254(d) requires deference by federal courts to factual determinations by any state court, including a state appellate court that makes factual determinations based on a review of the lower court's record. *Sumner* therefore makes the Appellate Court's determination that petitioner failed to meet his burden presumptively correct, to be overturned only if that "factual determination is not fairly supported by the record."

■ With due deference to the Illinois Appellate Court, this Court finds no basis whatever in the record of the state court hearing for finding that petitioner failed to meet his burden. Respondent presented no evidence of its own, while Smith presented four witnesses (in addition to his own testimony) that he arrived in Chicago on October 25, 1974 and did not leave during the month of November:

1. James Smith (no relation) was a gas station employee during the month of November 1974. He testified that Russell Smith was a full time employee at that gas station for approximately one month before November 16, 1974. Moreover he presented a stub for a paycheck made out to Smith for work done during the week of November 11 to 16, 1974. Although the witness appears to have been mistaken in that Russell Smith was in Chicago for about 3 weeks (rather than a month) before November 16, that error is non-material, for both the evidence of his employment during November and the evidence of the paycheck stub were unrefuted.

2. Louise Madison (Smith's cousin) testified that Smith came from Tennessee to live with her in Chicago just prior to Halloween in 1974.

3. Edward Smith (Smith's brother) testified that during the last week of October in 1974 he took Smith to the bus station where he left for Chicago. He also testified that Smith called his household in Tennessee from Chicago on November 10, 1974 because of a birthday of a younger brother.

4. Finally Vicky Lynn Porter (Smith's common law wife) testified that Smith was in Chicago during November of 1974.

Although none of the witnesses was able to place the precise date on which Smith arrived in Chicago, none of the witnesses was impeached in any respect as to his or her testimony that Smith was in Chicago during November of 1974.

Like the trial judge, this Court cannot overlook the testimony of four credible witnesses, one of whom was supported by documentary evidence and none of whom was impeached. There was no evidence whatev-

---

**2.** It might be viewed as either a determination of law or of fact. If the former, it cannot prevail over the authorities already cited. If the latter, it requires this Court to undertake the analysis that follows in the text.

**3.** (d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion or other reliable and adequate written indicia, shall be presumed to be correct, ... (8) ... unless that part of the record of the State court proceeding in which the determination of such factual issue is made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record. ...

er placing Smith in Tennessee on the critical date. Both the Illinois Appellate Court and this Court are called on to evaluate a paper record in light of the trial court's finding after having heard and seen the uncontroverted testimony. As mandated by *Sumner v. Mata* and Section 2254(d)(8), this Court has considered the record as a whole and has concluded that any factual determination by the Illinois Appellate Court is wholly unsupported—certainly "is not fairly supported"—by the record.

This Court therefore finds, as did the trial judge, that Smith has demonstrated beyond a reasonable doubt that he was not in the State of Tennessee on November 12, 1974.

### Conclusion

This Court determines that an evidentiary hearing is not required (Rule 8(a) following 28 U.S.C. § 2254). Smith's petition for a writ of habeas corpus is granted and a writ is ordered to issue releasing Smith from custody and barring his extradition to Tennessee.