**Ex parte James MITCHELL.**

**No. 04–93–00130–CR.**

Court of Appeals of Texas, San Antonio.

June 30, 1993.

James Oltersdorf, San Antonio, for appellant.

Steven C. Hilbig, Crim. Dist. Atty., San Antonio, for appellee.

Before CHAPA, BIERY and GARCIA, JJ.

OPINION

GARCIA, Justice.

This appeal is taken from an order entered in a habeas corpus proceeding remanding appellant, James Mitchell, to the State of Oregon to answer three felony charges. We affirm.

In his sole point of error, appellant contends that the trial court erred in ordering his extradition to the State of Oregon because the evidence is insufficient to prove he is the individual named in the governor's warrant.

The State introduced into evidence the executive warrant of the Governor of Texas. The warrant contains the necessary recitals consistent with article 51.13 of the Texas Code of Criminal Procedure. "[A] prima facie case for extradition may be established by the introduction of the Governor's Warrant regular on its face." *Ex parte Robbins*, 575 S.W.2d 27, 28 (Tex. Crim.App.1978); *Ex parte Shoels*, 643 S.W.2d 761, 762 (Tex.App.—San Antonio 1982, no pet.). However, appellant in his application for relief explicitly states "the Petitioner herein is not the same JAMES MITCHELL named in the extradition papers ..."

> When identity is placed in issue, the burden shifts to the State to show that the person held in custody for extradition is the identical person named in the Governor's Warrant.... Finally, identity need not be proven beyond a reasonable doubt, and the strict common rules of evidence need not be applied to extradition hearings since the defendant is not on trial for commission of a crime.

*Ex parte Shoels*, 643 S.W.2d at 762. Appellant contends the State failed to meet its burden on the identity issue. We do not agree.

 Exhibit One was the Governor's warrant. However, the warrant and attached documents did not contain a photograph of the James Mitchell who was sought by the State of Oregon. Instead, upon the request of a Bexar County Sheriff's Deputy, a photograph of the said James Mitchell had been mailed from Oregon to Bexar County authorities. The reverse side of the photograph contained a certification by a local Oregon official as to the authenticity of the person photographed as being James Mitchell. Because the photograph was mailed separately from the Governor's warrant and the witness was unable to authenticate photograph in accordance with the rules of criminal procedure, appellant's counsel sought to exclude the photograph. Appellant cites *Ex parte Henson*, 639 S.W.2d 700 (Tex.Crim.App. 1982). In *Henson*, the photograph was a part of the Governor's warrant thus establishing identity for extradition purposes. However, the case does not stand for the proposition that a photograph must accompany the official warrant documents. While this is a wise practice especially in an extradition hearing which would aid the court in its decision, the law makes no such requirement. And, the legislature has not imposed such a requirement. Further, the photograph need not be authenticated in the usual manner because of the nature of the proceeding. *See Ex parte Martinez*, 530 S.W.2d 578, 581–82 (Tex.Crim.App. 1975).

RULE 1101. APPLICABILITY OF RULE

. . . . .

**(c) Rules Inapplicable.** The rules (other than with respect to privileges) do not apply in the following situations:

. . . . .

(1) *Miscellaneous Proceedings:*

(A) Application for habeas corpus in extradition, rendition, or interstate detainer proceedings;

Tex.R.Crim.Evid.R. 1101(c)(3).

In *Ex parte Martinez*, the court explained why extradition proceedings are not governed in strictness by jury trial rules of evidence. *Ex parte Martinez*, 530 S.W.2d at 581–82 (citing *Notter v. Beasley*, 240 Ind. 631, 166 N.E.2d 643, 93 A.L.R.2d 905 (1960)). The court first stated that extradition proceedings are not criminal in nature. Moreover, because the evidence is brought from outside the jurisdiction, the obtaining of the evidence is more "likely to

be hampered by the lack of power or practicability." *Id.* The possible differences in the law in another system could also be a hinderance in the obtaining of evidence. Further, the issue of guilt or innocence is not an issue in an extradition proceeding. Even the constitutional provision which entitles the defendant to be confronted by witnesses against him is not applicable in an extradition proceeding. *Id.*

Here, the trial judge viewed the photograph and, in response to objection by appellant's counsel, made the following observation: "All right. But Mr. Oltersdorf, anyone can look at this photograph and tell it's Mr. Mitchell." Appellant's booking papers at the Bexar County jail and the Governor's warrant revealed the same birthdate for James Mitchell. This evidence was sufficient to deny the requested relief and extradite appellant to the State of Oregon. A careful review of the record discloses no witness or evidence in support of appellant's application other than his unsworn denial. Accordingly, we affirm the court's denial of relief.